No. 5749

CATLETT & MALIN *v.* A. R. STARR ET AL.

1. EVIDENCE—PRACTICE.—Objections to evidence must pertain to its competency, not its sufficiency, and evidence which is competent can not be excluded during the progress of a cause merely because other evidence, that in connection would seem to render it sufficient, had not already been introduced. Evidence when offered to show a conveyance of land is competent, though it may not describe the land, if it refers to other writings for specific description.

2. SAME—CORPORATE SEAL.—A copy of a deed purporting on its face to be the act of the corporation, certified to by the county clerk, and which recites that it was executed by the officers of the company under its corporate seal, is admissible in evidence, though a scroll by way of seal is placed in the certified copy where the corporate seal should have been attached in the original. It being a violation of the duty of the recording officer to take the acknowldgement of the officers of the corporation unless the instrument was sealed with the corporate seal, the presumption must obtain that it was thus sealed, after the lapse of twenty-five years from its registration.

3. TRUST—TRUSTEE.—A deed containing no words of defeasance, conveying land in trust for the benefit of designated parties, which contains no direction as to how the property is to be made available, but which is made for the sole use and benefit of parties named therein in proportion to the debts specified as being due to each from the grantor, conveys the absolute title, to be disposed of by the trustee as the beneficiaries may direct or approve, and this without the aid of a court of equity.

APPEAL from Tom Green. Tried below before the Hon. W. Kennedy.

*Fowlkes & Looney*, for appellant: There is patent ambiguity on the face of said deed. It described no land which can be identified by the deed itself, and is void for want of description of land therein. (3 Washburn on Real Property, 331, 367; Shackelford v. Bailey, 35 Ill., 391—part of large tract; United States v. King, 3 How., 773—must be survey; Massie v. Long, 2 Ohio, 287—part sold for taxes; Campbell v. Johnson, 44 Mo., 247—Id.; Wofford v. McKinna, 23 Texas, 44—portion of survey; Norris v. Hunt, 51 Texas, 612; Bac. Law Tracts, 99, 100; 1 Greenleaf on Evidence, sec. 297; Long v. Wagner, 47 Mo., 178—intention, or assumption; Kimble v. Temple, 25 Cal , 449; Id.; Tucker v. Field, 51 Miss., 195.)

In the last cited case the court says: "When there is a devise of all of the estate purchased of A, or a farm in the possession of B, nobody can tell what is given by the devise, until it is shown by extrinsic evidence what estate was purchased of A, or what farm was in the occupation of B."

The president of a private corporation (in the absence of statute, authority in the charter or by laws, or direct authority from the board of directors), in virtue of his office has not the authority to dispose of the real property of the corporation. (Morawetz on Private Corporations, secs. 251, 252; Hoyt v. Thompson, 5 N. Y., 335; Angell & Ames on Cor., secs. 223, 224; Luse v. Railroad Co., 6 Oregon, 125; 25 Am. Rep., 506.)

Corporations in this State can only convey real estate by their common seal; our statute, dispensing with private seals, especially excepts corporations from such exemption. (Rev. Stats., arts. 4487, 575, 600; State v. Allis, 18 Ark., 269; Ellnall v. Shaw, 16 Mass., 42; Haight v. Sahler, 30 Busb., 218; Bank v. Patterson, 7 Cranch., 304; Bank v. Guttschlick, 14 Peters, 29; Hatch v. Barr, 1 Ohio, 390; Brinley v. Mann, 2 Cush., 337; Potter on Cor., sec. 39.)

*F. B. Sexton,* for appellees: The deed from the Southern Pacific Railway Company to Hall, Scott and Pope conveyed land to which said company was, by public law, entitled, on the performance of certain acts by said company; and when patents, by virtue of said law, were issued to said company, the land embraced in said patents passed at once to the grantees in said deed by virtue of said deed, whether executed previously or subsequent to the date of said patents. (Johnson v. Newman; 43 Texas, 642; Hermann v. Reynolds, 52 Texas, 395; Keys v. Railroad Company, 50 Texas, 174; Hobby's Texas Land Law, secs. 1145–1148.)

When the common seal of a corporation appears to be affixed to an instrument, and the signatures of the proper officers are proved (or acknowledged) the courts are to presume that the officers did not exceed their authority, and the seal itself is prima facie evidence that it was affixed by proper authority. (Angell & Ames on Private Corporations, sec. 224; Morawetz on Private Corporations, sec. 252; Smith v. Smith, 62 Ill., 496— a case in which the deed is executed and acknowedged very like the one in this case; 2 Paschal's Annotated Digest, art. 5966; Revised Statutes of Texas, art. 600.)

The deed from the Southern Pacific Railroad Company to Hall, Scott & Pope, conveys the land therein described absolutely, in fee. The grantees in the deed are, in effect, commissioners to apportion the land among those who paid the consideration. (Hill on Trustees, second American edition, side pages 342, 343.)

ACKER, JUDGE.   A. R. Starr and others brought this suit against Catlett & Malin in trespass to try title to two sections of land in Tom Green county. Defendants answered by plea of not guilty and statutes of three and five years limitation.

Plaintiffs relied upon patents for the land issued to the Southern Pacific Railway Company July 21, 1862, and certified copy from the records of Bexar county of a transfer, purporting to have been made in the name of the company, by W. T. Scott, vice president, and D. C. Wilder, secretary, on the seventh day of August, 1860, to W. T. Scott, M. J. Hall and Alexander Pope, trustees for the creditors of the company named in a schedule attached to the conveyance.

The land conveyed is described as follows: "Four hundred sections, making about the quantity of two hundred and fifty-six thousand acres, situated in the land districts of Milam and Bexar, of said State, located and surveyed for said company by H. Wickland, surveyor, the field notes of the survey of which are on file in the land office at Austin, to which reference is hereby made for greater certainty; being the same lands to which said company is entitled as a bonus from the State of Texas for the completion of the first twenty-five miles of the Southern Pacific Railway."

The habendum clause is as follows: "To have and to hold, all and singular, the tracts hereinbefore described, unto the said W. T. Scott, M. J. Hall and Alexander Pope, forever, in trust, however, for the sole use and benefit of the parties hereinafter named in schedule A, hereunto annexed, and in proportion to the amounts due each of said parties, as appears by the sums attached to their several names in said schedule." The schedule contains names of a number of creditors, with a specific sum attached to each.

The conveyance concludes as follows: "In witness whereof the Southern Pacific Railway Company has executed this deed, by the vice president thereof (acting in the absence of the president) signing his name hereunto, and the secretary thereof

countersigning it and annexing the corporate seal, this seventh day of August, 1860."

The conveyance was filed for record in Bexar county, September 11, 1860.

Plaintiffs introduced in evidence a complete chain of title from Scott, Hall and Pope, trustees, to them, to which there was no objection.

Appellants objected to the conveyance from Scott, vice president, and Wilder, secretary, to the trustees, upon the following grounds:

"Because said deed is void for want of description; and is irrelevant, because it does not convey the land in controversy."

"Because it is not the deed of the Southern Pacific Railway Corporation, in that it is not shown that W. T. Scott was the vice president of the corporation; that it is not shown that the vice president had authority to convey the lands of the corporation, and that the deed is not impressed with the seal of the corporation."

"Because said deed was not properly and legally authenticated for record." "Because it is not a certified copy of the deed record of the county where the land is situated."

The objections were overruled, and it is contended that the court erred in this ruling. There is no rule prescribing the order in which evidence must be introduced. That is left to the election of the party offering it. Objections to evidence, when offered, go to the competency or relevancy of it. The sufficiency of the evidence is another question. All of these objections might have been met by extrinsic evidence. The deed referred to the field notes on file in the land office for greater certainty. It is not claimed that the patents introduced in evidence do not correctly describe the land. Certified copies of the field notes upon which these patents issued would have shown whether or not these lands were part of the four hundred sections surveyed by Wickland to which the deed relates, and plaintiff might have proven that the two sections in controversy were part of the land granted to the Southern Pacific Railway Company for constructing its first twenty-five miles of road. The rule requires no more than that the description should be so definite and certain, upon the face of the instrument itself, or by other writing referred to, that the land can be identified with reasonable certainty. (Norris v. Hunt, 51 Texas, 614.)

Plaintiffs might have proven that the officers were legally

authorized to execute the deed, that the corporate seal was duly affixed to the original, and that a portion of the four hundred sections of land was situated in Bexar county, in which event the deed might properly be recorded there, and a copy from that record would be admissible in evidence for any purpose, except upon the question of notice affecting title to land in a county other than that where it had been recorded.

It is alleged that the deed was not properly authenticated for record, but we fail to discover any insufficiency in that particular. We think the court did not err in overruling the objections and admitting the deed. But was it necessary for plaintiff to meet all of these objections by extrinsic evidence? The instrument against which the objections were urged was a copy. It was not objected to on that ground. It had been recorded for about a quarter of a century, and recites that it was executed by the officers of the company under its corporate seal. The officer who recorded the original could not transfer the seal to the record. The conclusion and attestation clause recite that the instrument is under seal of the corporation. The law required such instrument to be under seal, and it was contrary to the duty of the officer to take the acknowledgments of the officers of the company unless the corporate seal was affixed. It was contrary to the duty of the recording officer to record the instrument unless it was sealed. These things considered in connection with the fact that the stockholders of the corporation are making no objection to the validity of the deed, afford a strong presumption that the instrument was sealed. (Coffee v. Hendricks, 66 Texas, 677; Starkweather v. Martin, 28 Mich., 471.)

After the lapse of twenty-five years, under the circumstances of this case, we think it should be presumed that the seal was affixed to the instrument. Corporations usually act through their president, or those representing him. When an act pertaining to the business of the company is performed by him, the presumption will be indulged that the act is legally done. And, as a general rule, in the absence of the president, the vice president may act in his stead and perform the duties which devolve upon him. The certificate of acknowledgment proves the signatures of the officers of the company, and the common seal of the corporation being presumed to have been affixed to the deed, courts are to presume that the officers did not exceed their authority, and the seal itself is *prima facie*

evidence that it was affixed by proper authority. The contrary must be shown by the objecting party. (Angell & Ames on Corp., sec. 224; Smith v. Smith, 62 Ill., 496; 1 Devlin on Deeds, sec. 343.)

We think the court did not err in construing the conveyance from the railroad company to the trustees to be an absolute deed, nor in holding that the trustees could execute the trust without the aid of a court of equity. The deed contains no words of defeasance, but conveys to the trustees for the sole use and benefit of the parties named in the schedule in proportion to the amounts due each of them. No directions are given as to how the trust shall be executed, or how the property conveyed is to be made available to the beneficiaries. The evident intention of the parties was, that the trustees should take the absolute title to the land, to be disposed of as the beneficiaries might require or approve. (Hill on Trustees, 517.)

There was no evidence to show that the land in controversy was a part of the four hundred sections surveyed by Wickland, and which had been granted by the State to the railroad company as a bonus for constructing the first twenty-five miles of its road. We think some evidence should have been given tending to identify the two sections as part of the surveys made by Wickland, and as part of the lands granted for constructing the first twenty-five miles of road. The court can not judicially know what progress is made by a company in constructing its road, any more than it can judicially know what lands were surveyed by Wickland.

Because of insufficiency of the evidence to identify the lands in controversy as parts of the lands included in the deed from the company to the trustees, we are of opinion that the judgof the court below should be reversed and the cause remanded.

*Reversed and remanded.*