### BROWNE et ux. v. INVESTORS' SYNDICATE et al.

#### No. 11469.

Court of Civil Appeals of Texas. Dallas.

May 6, 1933.

Goggans & Keith, of Dallas, for appellants.

Seay, Seay, Malone & Lipscomb, of Dallas, for appellees.

BOND, Justice.

This is an appeal from an interlocutory order of a district court of Dallas county, dissolving a temporary injunction theretofore issued by it upon an ex parte hearing. Appellants brought the suit against appellees, seeking to restrain a sale of real estate under a deed of trust. The main grounds relied upon by appellants are: (1) That the notes secured by the deed of trust are usurious; and (2) that the sale was advertised to be held by a substitute trustee, who was not authorized by the board of directors to act, but, in the alternative, if he was so authorized, the recordation of his appointment was not filed with the county clerk in the county where the land lies, and the failure to file the appointment would deter bidders from placing bids at the substitute trustee's sale.

██ Upon hearing of appellees' motion to dissolve the injunction, the original notes. were introduced in evidence, and clearly show that, according to their terms, it was not within the power of payee or holder of said notes to exact more than 10 per cent. interest in any one year, and that therefore the notes were not usurious. However, appellants have not briefed the question; thus we may conclude they have abandoned their plea of usury. Matters on appeal not briefed by appellant, and which are free from being fundamental in character, are waived, and appellate courts are not authorized to consider points thus presented.

 The record reveals that the Southland Mortgage Company, trustee named in the deed of trust under which the sale was attempted to be made, resigned as such, and with appellee Investors' Syndicate, beneficiary under said deed of trust, in writing appointed Tarlton Stafford substitute trustee, and clothed him with all the powers of the original trustee. The deed of trust provides that, in the case of the refusal or failure of the trustee to act, a successor and substitute may be named "without any formality other than an appointment and designation in writing." The written designation, appointing the substitute trustee, shows to have been ex-

ecuted by the corporation, beneficiary under the deed of trust, through its vice president; his signature is attached and the corporate seal is thereunto affixed. Such an instrument is presumptive of the act of the corporation, and the officer who signed, sealed, and acknowledged it was duly authorized to do so. The seal attached carries with it prima facie verity that the designation is the duly authorized act of the corporation. In Emory v. Bailey, 111 Tex. 337, 234 S. W. 660, 661, 18 A. L. R. 901, the Supreme Court of Texas said: "The seal was prima facie evidence that the deed was the duly authorized act of the railroad company. It implied that the board of directors had empowered the president and secretary to make the very sale and transfer which was evidenced by the instrument on which it was impressed."

In consonance with the above authorities, we cite: Smith v. Allbright (Tex. Civ. App.) 261 S. W. 461; Magee v. Paul (Tex. Civ. App.) 159 S. W. 330; Quinlan v. H. & T. C. R. Co., 89 Tex. 356, 34 S. W. 738; Catlett v. Starr, 70 Tex. 487, 7 S. W. 844; Rose v. Brantley (Tex. Civ. App.) 262 S. W. 193; Texas Auto Co. v. Arbetter (Tex. Civ. App.) 1 S.W.(2d) 334; Boulware v. Kempner (Tex. Civ. App.) 34 S.W.(2d) 527; Ballard v. Carmichael, 83 Tex. 355, 18 S. W. 734; 3 Cook, Corp. § 722, and note 1.

██ Appellants' asserted proposition, that it was necessary to file the written designation for recordation in the office of the county clerk in the county where the land lies, and appellees' failure to do so would deter bidders from placing bids at the sale, finds no support either in the statute or court authorities of this state. In some jurisdictions there is a statute expressly requiring the recordation in the county records of such appointments. Such is the express law of the state of Mississippi. Polk v. Dale, 93 Miss. 664, 47 So. 386, 17 Ann. Cas. 754; section 2168, Miss. Code. However, there being no statute enacted by the Legislature of Texas requiring the filing of the instrument designating a substitute trustee under a deed of trust, our appellate courts cannot extend the rule applicable to other jurisdictions, and presume that the lack of such requirements would prejudice a trustee's sale.

We have considered each of appellant's assignments, and conclude that the action of the trial court, in dissolving the temporary injunction theretofore granted by it, is correct. Accordingly, this case is affirmed.

Affirmed.