**CHANDLER et ux. v. GUARANTY MORTGAGE CO.**

**No. 9642.**

Court of Civil Appeals of Texas. San Antonio.

Nov. 13, 1935.

Rehearing Denied Jan. 8, 1936.

Sidney P. Chandler, of Corpus Christi, for plaintiffs in error.

Tom S. Henderson, of Corpus Christi, and Raymond Edwards, of San Antonio, for defendant in error.

SMITH, Chief Justice.

On August 31, 1929, C. C. Chandler and wife, Ernesteen, of Corpus Christi, borrowed $3,600 from the Guaranty Building & Loan Company, a Galveston corporation, evidenced by their two identical coupon notes, as follows (date and signatures omitted):

"For Value Received, I promise to pay to the Guaranty Building & Loan Co., at its office in Galveston, Texas, in gold coin of the United States of present value, weight and fineness, the sum of $1,800.00, with in-

terest thereon from date until paid at the rate of eight per cent per annum in 124 installments of $22.50 each, except the first nine which are for $12.00 each, and the last which is for $15.25, the first installment payable on the first day of October next, and one on the first day of each calendar month thereafter, as set out in attached coupons, which are part hereof; and ten per cent per annum after maturity, together with ten per cent additional on the total amount due if placed in the hands of an attorney for collection after default.

"In event of default in payment of any installment hereon, the entire indebtedness shall, at the option of holder, immediately become due and payable.

"Payment hereof secured by deed of trust of even date herewith to Maco Stewart, Trustee, which shall be considered part hereof."

On the same day the Chandlers executed and delivered to the corporation their two identical deeds of trust, each as security for one of said notes, respectively, in one of which the Chandlers conveyed the east 40 feet of lots 62, 63, and 64, in a certain addition to the city of Corpus Christi, and in the other of which they conveyed the west 40 feet of the same lots, to Maco Stewart, trustee, with power of sale in event of either of various defaults therein prescribed.

Also, at the same time the Chandlers executed and delivered to the Guaranty Building & Loan Company their coupon note in which they agreed to pay Guaranty Mortgage Company nine monthly installments, of $10.50 each, with 10 per cent. interest after maturity, running concurrently with the first nine installments to be paid on the $1,800 notes to the Building & Loan Company. It was stipulated in the note to the mortgage company that "this note is given to evidence the amount agreed to be paid by the undersigned and owing to the payee herein for services rendered by said payee as agent of the undersigned in obtaining a loan on the date hereof from Guaranty Building & Loan Company."

After making numerous payments upon the several installment obligations assumed by them, the Chandlers defaulted in the payment of several succeeding installments and the Building & Loan Company, acting by and through its president, Maco Stewart, and the latter as original trustee named in the deeds of trust, executed two identical instruments, in which it was recited that "Maco Stewart, Trustee, declining to act further as trustee, as evidenced by his signature hereto, the Guaranty Building & Loan Company" therein appointed Thornton Thacker, as substitute trustee, to foreclose and sell the property. In pursuance of this authority, Thacker advertised and sold the two properties on July 4, 1933, to the Guaranty Mortgage Company for the sum of $900 each.

Subsequently, after various amendments of pleadings and rearrangement of parties and causes of action, this suit was tried upon the petition of the mortgage company upon an action in trespass to try title to recover title and possession of the property covered by the two deeds of trust, and conveyed by the trustee's deeds. The Chandlers contested the suit upon allegations in which they charged usury and attacked the regularity and validity of the sale by the substitute trustee. At the conclusion of the trial before a jury, the court directed a verdict in favor of the mortgage company, and the Chandlers have brought writ of error from the resulting adverse judgment. Plaintiffs in error and defendant in error will be referred to herein as appellants and appellee, respectively.

It was provided in the deeds of trust that in event of appellants' default in any one of numerous specified obligations assumed by them in those instruments, including default in the payment of any installment when due, "then, and in any such case, the whole amount of said indebtedness hereby secured remaining unpaid may at the option of the party of the third part, or other holder thereof, immediately mature and become payable, and it shall thereupon, or at any time thereafter, the same or any part thereof remaining unpaid, be the duty of the * * * (trustee), and of his successor or substitute as hereinafter provided, on the request of the * * * holder of the indebtedness hereby secured or any part thereof (which request is hereby presumed), to enforce this Trust; and after advertising the time, place and terms of the sale * * * to sell the same in accordance with such advertisement, * * * and make due conveyance to the purchaser or purchasers, with general warranty, binding (appellant) * * *; and said sale shall forever be a perpetual bar against (appellants), their heirs and assigns. * * *

"It is expressly understood and agreed that the recitals in the conveyance to the purchaser at said sale shall be full evidence of the truth of the matters therein stated,

and all prerequisites to said sale shall be conclusively presumed to have been performed, and such sale and conveyance shall be conclusive against the parties of the first part herein, their heirs and assigns, whether such prerequisites shall have been performed or shall not have been performed.

"In case of the absence, death, inability, refusal or failure of the Trustee herein named to act, a successor and substitute may be named, constituted and appointed by the * * * holder of said indebtedness, or any part thereof, without other formality than 'an appointment and designation in writing, and this conveyance shall vest in him, as Trustee, the estate and title in all said premises, and he shall thereupon hold, possess and execute all the title, rights, powers and duties herein conferred on said trustee herein named, and his conveyance to the purchaser shall be equally valid and effective. * * *

"Any holder of any part of the indebtedness hereby secured shall have the option of paying taxes and insurance premiums hereunder, and in such event the sums so expended shall operate as a lien on the real property herein described and be secured hereby."

Upon the sale of the property by the substitute trustee, the latter sold and conveyed it to appellee. That conveyance contained recitals of fact evidencing strict compliance with the terms of the deed of trust, including the refusal of the original trustee to act, the appointment of the substitute trustee, advertisement and posting notices of sale, and sale thereunder.

█ It appears from the record that the holder of the debt and lien gave no prior notice to appellants of the election to mature the entire debt, prior to demand upon the substitute trustee to proceed with the sale, and that the substitute trustee proceeded thereunder, without formal notice to appellants of said election to accelerate the maturity of the debt. Now, in their first and nineteenth propositions appellants contend that in the absence of such formal notice to them of the mortgagee's election to mature, the subsequent sale by the substitute trustee was invalid, as being premature. We overrule these propositions. In our opinion, prior notice to the mortgagor of the mortgagee's election to accelerate maturity of the entire unpaid balance of the debt was not requisite to the validity of a sale otherwise regular under the terms of the deed of trust. Seaboard Bank & Trust

Co. v. Amuny (Tex.Civ.App.) 6 S.W.(2d) 186; Amuny v. Seaboard Bank & Trust Co. (Tex.Com.App.) 23 S.W.(2d) 287; Dieter v. Bowers, 37 Tex.Civ.App. 615, 84 S.W. 847 (writ ref.); Chase v. First Nat. Bank, 1 Tex.Civ.App. 595, 20 S.W. 1027; Kerr v. Morrison (Tex.Civ.App.) 25 S.W. 1011. In support of their contention appellants cite Ross v. Isaacs (Tex.Civ.App. writ dis.) 54 S.W.(2d) 182, and Parker v. Mazur (Tex.Civ.App. writ dis.) 13 S.W. (2d) 174, the latter decision being by this court, in a characteristic opinion of the lamented Chief Justice Fly. It is true that in that case the remedy invoked here by appellants was applied, but under such precipitate, aggravating and inequitable conduct on the part of the mortgagee as to take the case out of the general rule applied by the authorities first cited herein. In Ross v. Isaacs, supra, cited by appellants, the remedy invoked by appellants was likewise applied, upon language which supports appellants, but the note and mortgage in that case did not provide for acceleration, and the holding therein is of no value in determining the question presented here. We conclude that the authorities are clearly against appellants' contentions.

█ It may be said, further, that even though the obligations were not properly matured before the sale, the power of sale was nevertheless properly exercised, in view of the undisputed facts that appellants had defaulted in the payment of numerous installments upon the obligation, and had not exercised their available remedy of offering to pay the matured installments and stopping the sale by injunction. Wood v. Eastland, etc., Ass'n (Tex.Civ.App.) 75 S. W.(2d) 466; Price v. McAnelly (Tex.Civ. App.) 287 S.W. 77; Belcher, etc., Co. v. Taylor (Tex.Com.App.) 212 S.W. 647.

█ As has been shown, it was provided in the deeds of trust that "in case of the * * * refusal or failure of the trustee herein named to act, a successor and substitute may be named, constituted and appointed by the * * * holder of the indebtedness * * * without other formality than an appointment and designation in writing," etc. Appellants contend that no showing was made by appellee authorizing the holder of the debt to appoint a substitute trustee, in that it was not shown that the trustee was requested to act, or that demand was made upon him to act, or that after request, he failed or refused to act; that in the absence of such showing, the

holder was without authority, under the terms of the deeds of trust, to appoint a substitute trustee, and evidence thereof was therefore improperly admitted. We overrule this contention. Appellee introduced in evidence the written declaration of the trustee declining to "act further as trustee" under his appointment, the written appointment of the substitute based upon such declination, and the recitals of those facts in the notice of sale, as well as the recitals in the substitute trustee's deeds that the sale was made after the trustee had declined to act and the substitute had been appointed in his stead, and after the holder of the debt had requested the substitute to proceed with the sale. And, further, it was provided in the deeds of trust that recitals, in the trustee's deed, of performance of the acts prerequisite to the validity and regularity of the sale shall be conclusive evidence of such performance. It has been decided by controlling authorities that like recitals in the written declination of the trustee to act and appointment of the substitute trustee, and the recitals in the substitute trustee's deed of the performance of the requisite acts, when considered in connection with the stipulation in the deeds of trust that such recitals are conclusive, make a prima facie case of the regularity and validity of the sale, which, if not rebutted by evidence in behalf of the mortgagor, entitle the mortgagee to judgment. 29 Tex.Jur. p. 976, § 138; Adams v. Zellner, 107 Tex. 653, 183 S.W. 1143; Boyd v. Johnson (Tex.Civ.App.) 234 S.W. 235; Southland Lumber Co. v. Boyd (Tex.Com. App.) 244 S.W. 119; Mortimer v. Williams (Tex.Civ.App.) 262 S.W. 123; Browne v. Inv. Syndicate (Tex.Civ.App.) 60 S.W.(2d) 1047; Kelley v. Goode (Tex. Civ.App.) 1 S.W.(2d) 683; Allen v. Farm, etc., Ass'n (Tex.Civ.App.) 58 S.W.(2d) 866; Swain v. Mitchell, 27 Tex.Civ.App. 62, 66 S.W. 61. As appellants offered no evidence in rebuttal of the prima facie case made here, the court properly directed a verdict thereon.

■ Appellants complain of the admission in evidence of the written refusal of the trustee to act, appointment of a substitute, receipts of the tax collector showing payment of taxes by the mortgagee, and notice of sale. These documents were admissible for the purpose of making the prima facie case in behalf of the mortgagee in a trespass to try title suit based upon a trustee's sale under power of deed of trust. Mortimer v. Williams, supra. We overrule appellants' second, third, fourth, and fifth propositions.

■ We also hold, in response to appellants' contention to the contrary, that the execution of the written appointment of the substitute trustee, by the president of the corporation, and attest thereof, under the corporate seal, by the secretary of the corporation, will be presumed to have been done by authority of the corporation, although not shown to have been expressly authorized by resolution of the corporate board of directors. Browne v. Investors' Syndicate, supra; Thomason v. Pacific Mutual Life Ins. Co. (Tex.Civ.App.) 74 S.W.(2d) 162. Upon the foregoing conclusions, we overrule appellants' sixth, thirteenth, fourteenth, sixteenth, and eighteenth propositions.

■ It appears from the record that the written declination of the trustee, and appointment of his substitute, was dated ten days after the date of notice of sale published by the substitute trustee. That is, the notice was dated and signed June 1st, and the appointment was dated June 10th. The sale was made July 4th, which allowed sufficient time for the advertisement after the appointment. In that state of facts, the presumption will be indulged that the posting of notice was made by the substitute trustee after his appointment. Moreover, even if his appointment was made after posting the notices, his subsequent acts under the appointment had the effect of ratifying and affirming his prior acts as substitute trustee. Wilson v. Armstrong (Tex.Civ.App.) 236 S.W. 755. We overrule appellants' seventh proposition, in which the point is presented.

■ Under their eighth, ninth, and tenth propositions, appellants complain of the admission in evidence of the receipts showing payment of current taxes upon the property by appellee. We overrule those propositions, for the reason, if none other existed, that the admission of that evidence could not have prejudiced appellants and does not require reversal of the judgment.

■ In their trial pleading appellants alleged that the contract sued on by appellee was usurious, setting out the items constituting usury. Upon the trial appellee introduced the testimony of one Massey, to the effect that one of those items constituted a commission paid to Guaranty Mortgage Company for procuring the loan

for appellants from the Building & Loan Company. This testimony was in line with the provisions of a note executed by appellants in favor of the mortgage company, in which it was recited that the obligation was in favor of the mortgage company as its commission for procuring said loan for appellants. Appellants objected to Massey's testimony, as not being supported by any pleading by appellee, and bring forward that complaint in their eleventh proposition, which will be overruled. The testimony was admissible under appellants' affirmative allegation that said commission item was paid to the Building & Loan Company as interest, and should be considered as such in determining the question of usury.

Appellants have briefed their charge of usury under their twelfth, fifteenth, and seventeenth propositions. The charge rests upon the contention, as stated above, that the item for commission was a mere subterfuge to hide its real character as additional interest charged appellants upon the loan in question. It is recited that although the commission note was made payable to the mortgage company, it was in fact delivered to the Building & Loan Company's agent, along with the other papers in the deal, and the agent of the Building & Loan Company collected the installments paid by appellants upon the commission note. It is true that the local agent of the Building & Loan Company did collect those installments upon the commission note. But it is equally true, is undisputed, that this agent in turn promptly paid over those collections to the mortgage company, the payee in the note. The circumstances surrounding this transaction are such as to cause the investigator to pause, and even to indulge in surmise and conjecture as to whether or not the commission item is in truth all that it purports to be. But mere surmise and conjecture cannot be given effect over the positive and undisputed testimony that the obligation, payable, over appellants' signature, to the mortgage company, as commission was in fact paid over to that concern for that apparent purpose. We hold, under the case so made, that the evidence did not raise the issue of usury, and the court did not err in directing a verdict. Appellants' twelfth, fifteenth, seventeenth, and eighteenth propositions are accordingly overruled.

In their twentieth and last proposition appellants complain of the exclusion of the proffered testimony of appellant C. C. Chandler that prior to the execution of the various instruments involved in this suit the witness had no agreement with the Guaranty Mortgage Company "with reference to them representing you (Chandler) and you paying them any brokerage fee for obtaining the loan." The proffered testimony was excluded upon the objection that the witness "is talking about prior to the closing of this transaction. It would vary the terms of the obligation and he is bound by the paper when he signed up himself." The testimony was properly excluded, and the twentieth proposition will be overruled.

This opinion will be substituted for the original opinion which will be withdrawn.

The judgment is affirmed.