**BROACH et ux. v. JOHN HANCOCK MUT. LIFE INS. CO.**

Court of Civil Appeals of Texas. Eastland.

Nov. 4, 1938.

Rehearing Denied Dec. 16, 1938.

Scarborough & Ely, of Abilene, for plaintiffs in error.

Spafford & Spafford and Geo. A. Titterington, all of Dallas, and Davis & Davis, of Haskell, for defendant in error.

GRISSOM, Justice.

In 1929 John B. Broach and wife owned the land in controversy in this suit. They executed a deed to said property to Fred Broach. The deed recited a consideration of $7,690 cash and a vendor's lien note for $5,000. Thereafter Fred Broach borrowed $5,000 from the John Hancock Mutual Life Insurance Company and executed a note for such sum. John B. Broach and wife assigned to the Hancock Company the $5,000 vendor's lien note executed by Fred Broach and the vendor's lien. Fred Broach executed a deed of trust conveying the property in question, to-wit, 169.2 acres of land in Haskell County, to Fred P. Hayward, trustee, to secure the payment of the $5,000 note executed by Fred Broach to the Hancock Company. The deed of trust contained the usual provisions of such instruments.

With reference to the appointment of a substitute trustee it provided: "And should the said Fred P. Hayward, trustee, fail or refuse to act, or be disqualified from acting hereunder, the said beneficiary or legal representatives or other legal holder of said Note shall have full power to appoint a substitute, in writing, without notice to us who shall have the same powers and estate which are hereby delegated to the said Fred P. Hayward, Trustee," etc.

The interest payments provided for in said note were not made when due, and, in accordance with provisions in the deed of trust authorizing such action, the loan

was declared due. Hayward, the trustee, refused to act. John W. Eaheart was appointed substitute trustee and as such proceeded to advertise and sell the land. At the substitute trustee's sale, the Hancock Company purchased the land. The land had been by Fred Broach reconveyed to John B. Broach and John B. Broach was in possession. The Hancock Company filed this suit in trespass to try title. Judgment was for plaintiff and defendants, John B. Broach and wife, have brought the case to this court on writ of error.

The determinative question on this appeal is whether or not the instrument evidencing the appointment of Eaheart as substitute trustee was admissible in evidence. The introduction in evidence of said document was objected to by defendants because "there is no authority shown authorizing the assistant treasurer to make the appointment of the substitute trustee on behalf of the John Hancock Mutual Life Insurance Company."

The instrument recites "That John Hancock Mutual Life Insurance Company, of Boston, Massachusetts, the holder of one certain promissory note * * * by virtue of the authority contained in said deed of trust hereby names, constitutes and appoints John W. Eaheart, of Stamford, Texas, as a successor and substitute to the said Fred P. Hayward the trustee named in the deed of trust who has refused to act as such trustee."

"In witness whereof, the said John Hancock Mutual Life Insurance Company has caused its corporate seal to be hereto affixed and these presents to be signed in its name and behalf by J. H. Aubin, one of its Assistant Treasurers, this thirtieth day of March, 1936.
"(Corporate Seal)
　　　"John Hancock Mutual Life Insurance Company,

　　　"By J. H. Aubin, Assistant Treasurer."

The instrument was acknowledged by Aubin "an assistant treasurer of John Hancock Mutual Life Insurance Company" as the act and deed of said corporation.

The plaintiff introduced, over defendants' objection that it did not show that Aubin had authority to act for plaintiff, a letter dated March 30, 1936, signed "J. H. Aubin, Assistant Treasurer", addressed to E. H. Davis, State Loan Agent, stating "We hereby declare Farm Mortgage Loan #79532,

Broach, due for nonpayment of the balance of interest due January 1, 1934. Appointment of substitute trustee is dated today." The letter head, in part, is as follows:

　　　　"John Hancock
　　　　　　Mutual
　　　Life Insurance Company
　　　　　Home Office
　　　Boston, Massachusetts
"Finance Department
　"Farm Mortgage Manager
"J. H. Aubin, Assistant Treasurer"

Emory v. Bailey, 111 Tex. 337, 234 S.W. 660, 18 A.L.R. 901, was a suit in trespass to try title. Plaintiff's title depended upon a deed from a railroad company. The special act of the Legislature for the incorporation of this railroad provided: "All conveyances and contracts executed in writing, signed by the President and countersigned by the Treasurer, or any other officer duly authorized by the directors, under the seal of the company, and in pursuance of a vote of the directors, shall be valid and binding." 4 Gammel's Laws, p. 349. The deed from the railroad company was signed by "J. W. McDade, Prest." and by "A. G. Compton, Secty." The treasurer mentioned in the statute did not sign the instrument. The introduction of the deed in evidence was objected to by defendant, among other things, because it was not shown that the board of directors of the railroad corporation had authorized the President and Secretary to execute it. The Supreme Court, in an opinion by Justice Greenwood, said [page 661]:

"With our law dispensing with individual seals and requiring corporate seals, we could not presume otherwise than that the seal attached was that of the corporation instead of the individuals, whose signatures were appended to the deed.

"The seal was prima facie evidence that the deed was the duly authorized act of the railroad company. It implied that the board of directors had empowered the president and secretary to make the very sale and transfer which was evidenced by the instrument on which it was impressed."

The court then quoted section 5105, Thompson on Corporations, as follows:

" 'It (the seal) is presumptive or prima facie evidence that the deed is the deed of the corporation, and that the officers who signed, sealed, and acknowledged it were duly authorized so to do, and the instrument is therefore admissible in evidence, if

otherwise relevant. In other words, the seal carries with it prima facie evidence of the assent of the corporation to the deed.'

* * *

"The deed here tendered in evidence was attacked by no extrinsic evidence. It was presumptively the act of the corporation, and it carried on its face that which entitled it, in the absence of opposing proof, to be regarded as the binding act and deed of the railroad company."

In Catlett v. Starr, 70 Tex. 485, 7 S.W. 844, plaintiff offered in evidence a certified copy of a deed from a railway company, executed by its vice-president and secretary, with the corporate seal attached. Its introduction was objected to, among other things, because it was not shown that Scott, who signed the deed as vice-president, was the vice-president of the corporation, and because it was not shown that the persons executing the deed had authority to convey the lands of the corporation, and further because (it was contended) the deed was not impressed with the seal of the corporation. The court held that since the deed recited that it was executed by the officers of the company under its corporate seal it was not incumbent upon plaintiff to meet such objections by extrinsic evidence. The court said [page 846]: "The certificate of acknowledgment proves the signatures of the officers of the company, and the common seal of the corporation is presumed to have been affixed to the deed. Courts are to presume that the officers did not exceed their authority, and the seal itself is prima facie evidence that it was affixed by proper authority. The contrary must be shown by the objecting party."

The case of Thomason v. Pacific Mutual Life Ins. Co., Tex.Civ.App., 74 S.W.2d 162, writ refused, was apparently a suit in trespass to try title, instituted by Thomason to recover a lot formerly owned by Thomason and acquired by the Insurance Company by purchase at a substitute trustee's sale under a deed of trust. The trustee named in the deed of trust refused to act. The Insurance Company appointed a substitute trustee, the substitute trustee sold the property, and the Insurance Company became the purchaser at the trustee's sale. The validity of the appointment of the substitute trustee was questioned. The court said [page 164]:

"The instrument appointing the substitute trustee was executed by the plaintiff acting through Rich J. Mier, vice president, and attested by an assistant secretary, and the corporate seal affixed.

"Under such circumstances it is presumed the appointment was the duly authorized act of the corporation."

In Chandler v. Guaranty Mortgage Co., Tex.Civ.App., 89 S.W.2d 250, 254, the deed of trust involved provided that upon refusal of the named trustee to act "the holder of the indebtedness" might appoint a substitute trustee. There it was said: "We also hold, in response to appellant's contention to the contrary, that the execution of the written appointment of the substitute trustee, by the president of the corporation, and attest thereof, under the corporate seal, by the secretary of the corporation, will be presumed to have been done by authority of the corporation, although not shown to have been expressly authorized by resolution of the corporate board of directors."

In Magee v. Paul, Tex.Civ.App., 159 S. W. 325, 330, it was said: "The instrument was attested by the seal of the corporation, and in this condition it carried with it prima facie evidence of antecedent authority for its execution. It was not necessary for the instrument to recite such authority on the part of its president and secretary."

In Browne v. Investors' Syndicate, 60 S. W.2d 1047, the Dallas Court of Civil Appeals said [page 1048]: "The record reveals that the Southland Mortgage Company, trustee named in the deed of trust under which the sale was attempted to be made, resigned as such, and with appellee Investors' Syndicate, beneficiary under said deed of trust, in writing appointed Tarlton Stafford, substitute trustee. * * * The written designation, appointing the substitute trustee, shows to have been executed by the corporation, beneficiary under the deed of trust, through its vice president; his signature is attached and the corporate seal is thereunto affixed. Such an instrument is presumptive of the act of the corporation, and the officer who signed, sealed, and acknowledged it was duly authorized to do so. The seal attached carries with it prima facie verity that the designation is the duly authorized act of the corporation."

In Smith v. Allbright et al., Tex.Civ. App., 261 S.W. 461, 467, the court said: "A deed from a corporation, properly executed and acknowledged, bearing the corporate seal, carries with it prima facie authority for its execution without reciting a resolution of the board of directors."

In 10 Tex.Jur. 999, it is said: "In other words, the seal is prima facie evidence that the deed is the duly authorized act of the corporation; it implies that the board of directors authorized the officers whose signatures appear on the deed to make the instrument on which the seal is impressed; but this may be overcome by proof. * * * The presumption does not apply only to deeds of conveyance mentioned in the statute."

In Rose v. Brantley, Tex.Civ.App., 262 S.W. 193, it was held that a release duly executed and acknowledged and bearing the corporate seal was entitled to the presumption that authority was conferred upon those executing the instrument by the board of directors of the corporation.

The instrument evidencing the appointment of John W. Eaheart as substitute trustee recites, not that Eaheart is appointed by Aubin, Assistant Treasurer (who is shown by plaintiff's letter head to be also its Farm Mortgage Manager), but that said substitute trustee is appointed by "John Hancock Mutual Life Insurance Company", the "holder" of the Broach note and the "beneficiary" in the deed of trust. It concludes that as evidence of Eaheart's appointment as substitute trustee by John Hancock Mutual Life Insurance Company, the corporation has caused its corporate seal to be affixed to the instrument evidencing its act and caused the instrument, evidencing such appointment by the corporation, "to be signed in its name and behalf by J. H. Aubin, one of its Assistant Treasurers * * *." The corporate seal is attached to the instrument. It is signed "John Hancock Mutual Life Insurance Company by J. H. Aubin, Assistant Treasurer." It is acknowledged by Aubin "an assistant treasurer of John Hancock Mutual Life Insurance Company * * * as the act and deed of said corporation."

■ The instrument recites that the appointment of the substitute trustee is the act of the corporation, and that the corporation has authorized its officer, Aubin, to execute the instrument evidencing the corporation's appointment. The seal constitutes prima facie evidence that the appointment of the substitute trustee is the act of the corporation, as it purports to be, and that the officer who signed and acknowledged the instrument was duly authorized by the board of directors of plaintiff corporation to do so. Thomason v.

Pacific Mutual Life Ins. Co., Tex.Civ.App., 74 S.W.2d 162, 164, writ refused; Emory v. Bailey, 111 Tex. 337, 342, 234 S.W. 660, 18 A.L.R. 901; Browne v. Investors' Syndicate, Tex.Civ.App., 60 S.W.2d 1047, 1048; 10 Tex.Jur. 999.

■ We think the instrument was admissible in evidence and constituted prima facie proof that it was the act of the corporation and that the officer who signed and acknowledged the instrument evidencing the corporate act, and placed its seal thereon, was duly authorized to do so. We do not think the instrument evidences a delegation by the corporation to Aubin of authority to appoint a substitute trustee, but shows an appointment by the corporation. Also see First Nat. Bank v. John Hancock Mut. Life Ins. Co., Tex.Civ.App., 101 S.W.2d 1062, 1064, writ granted; Helms v. Home Owners' Loan Corp., 129 Tex. 121, 103 S.W.2d 128; San Antonio Joint Stock Land Bank v. Taylor, 129 Tex. 335, 105 S.W.2d 650.

The judgment is affirmed.