## BROWN et al. v. NATIONAL LOAN & IN-VESTMENT CO.

### No. 3927.

Court of Civil Appeals of Texas. El Paso.

March 14, 1940.

Rehearing Denied April 4, 1940.

Brown & Criss, of Harlingen (Paul H. Brown, of Harlingen, of counsel), for appellants.

E. L. Davis, of Harlingen, for appellee.

PRICE, Chief Justice.

This is an action in trespass to try title filed by the National Loan & Investment Company, as plaintiff, against Paul H. Brown, trustee, and others, as defendants. The parties will be designated for convenience as they were in the trial court. Trial was before the court and from a judgment in favor of the plaintiff, defendants have duly perfected an appeal.

Plaintiff claimed title under a foreclosure by power of sale of a deed of trust executed and delivered to one Standart, as trustee, on the 1st day of February, 1929, for the purpose of securing the plaintiff in the payment of a note aggregating some $2,700. The deed of trust gave the trustee power of sale in case of default, and provided that plaintiff, its successors or assigns, had the right, on the failure, refusal, disability, or disqualification of the trustee named to act, to appoint a substitute trustee, such appointment to be evidenced by instrument signed and acknowledged by plaintiff or its successors or assigns. On

the 1st day of August, 1935, the obligation secured by the deed of trust was in default and Standart, who was then the plaintiff's president, duly notified plaintiff in writing of his refusal to execute the power. On the 1st day of August, 1935, the plaintiff, purporting to act through its' vice president, such action being attested by the secretary and executed with the corporate seal, executed a written appointment of Joe L. Penry as substitute trustee. At this time, and at all relevant times, plaintiff was the holder and owner of the obligation secured by the deed of trust.

The substitute trustee gave due and legal notice of the sale, and on the 3rd day of September, 1935, sold the property to plaintiff, it being the highest bidder therefor. A deed was delivered by the substitute trustee to plaintiff under which it went into possession of the property, and so held same on the date of the institution of this suit.

Defendants claim as judgment creditors of F. G. Gay, the grantor in the deed of trust aforesaid. The judgments under which they claim are all subsequent to the execution, delivery and filing for record of the deed of trust under which plaintiff claims. Defendant Brown, as trustee, duly filed an abstract of the judgment under which he claims and thereafter caused execution to issue thereon, and same was duly levied upon the property in question and duly sold by the sheriff to said Brown, as trustee. This sale was subsequent to the sale by the substitute trustee to plaintiff. The judgment under which Brown, trustee, claims was abstracted and became a lien on the then interest of Gay in the property prior to the conveyance by the trustee to plaintiff. The abstracts of the judgments of the other defendants were, likewise, subsequent to the filing for record of the deed of trust in question.

There is but one question involved in this appeal. Defendants assert that the foreclosure of the deed of trust was void. The basis of this contention is that the deed of trust provided that plaintiff might appoint a substitute trustee, and under the showing made the substitute trustee was not appointed by the plaintiff, in that the vice president was shown to be without authority to make the appointment in the name of the plaintiff. Hence that there was no valid sale and title never passed to the plaintiff.

The appointment made purported to be the act of the plaintiff, was executed and acknowledged by the vice president of the corporation and the corporate seal was attached. It is shown, however, that the plaintiff's president was present in its offices at the time of the execution of the appointment. It was further shown that no resolution was passed by the board of directors of plaintiff prior to the appointment of the substitute trustee authorizing such appointment or authorizing or directing the vice president to do so in the name of the corporation. A resolution of the board of directors dated September 10, 1935, is in evidence ratifying the appointment of the substitute trustee.

It seems well settled that the appointment of a substitute trustee by a corporation in the manner above set forth, in the absence of evidence of lack of authority, is prima facie the act of the corporation. To state the proposition in another way, the appointment of a substitute trustee by a corporation under a deed of trust authorizing it so to do is prima facie the act of the corporation, if such appointment is made in the name of the corporation purporting to be acting by the president or vice president, and same is attested by the secretary and the corporate seal attached. 19 C.J. p. 509; Catlett & Malin v. Starr, 70 Tex. 485, 7 S.W. 844; Browne v. Investors' Syndicate, Tex.Civ.App., 60 S.W. 2d 1047; Broach v. John Hancock Mut. Life Ins. Co., Tex.Civ.App., 122 S.W.2d 363, and cases cited.

It likewise seems to be well established that the power of appointment may be delegated by such corporation to an officer other than its president. In the case of Broach against John Hancock Life Insurance Company, supra, written designation was executed there by an assistant treasurer and the corporate seal attached, and same was held to be prima facie the act of the corporation.

If the two foregoing propositions are correct, the question then narrows itself to this question: "Does the establishment of the fact that prior to the designation of the substitute trustee in question in the manner aforesaid, the board of directors of the plaintiff did not pass a resolution authorizing such vice president to make such designation, overcome the prima facie case established by plaintiff as aforesaid?"

If, under the showing made, it was still an issuable fact as to whether the power had been delegated, the judgment of the trial court must be affirmed. The finding was that such power was duly delegated.

In the consideration of this question it must be at all times borne in mind that clearly the corporation had the power to appoint a substitute trustee. The manner of the exercise of the power of the corporation is to be sought in the general law, the applicable statutes, its charter and valid by-laws. Here also the power is limited by the provision of the deed of trust as to its exercise, in that it must be the act of the corporation. An apt by-law could confer the authority in question on the vice president or president to exercise in the name of the corporation the power in question. San Antonio Joint Stock Land Bank v. Taylor, 129 Tex. 335, 105 S.W.2d 650.

A by-law is a permanent rule of action of the conduct of the corporate affairs; a resolution ordinarily applies only to a single act of the corporation. 10 Tex. Jur., Sect. 274.

We think the burden was upon defendants to negative the existence of authority authorizing the action taken.

From the facts in evidence it appears that the business of plaintiff was the loaning of money, and incidental thereto obtaining security for the money loaned. Foreclosure on securities when necessary would seem likewise an ordinary incident of plaintiff's business. An habitual exercise of the power to appoint substitute trustees by an officer of the corporation would, in our opinion, justify the exercise of the power without a resolution of the board of directors.

While it is the law that the power of appointment of a substitute trustee is to be strictly construed, it should not be so strictly construed that is will defeat the enforcement of honest obligations. With Standart, its president, trustee, the power of sale was practically conferred upon plaintiff. Standart may have thought he was disqualified from acting in the matter of the appointment of the trustee from the fact that he was president of the plaintiff. The evidence fails to cast the shadow of suspicion on the fairness of the sale. Plaintiff had the right to apply the property in question to the payment of its just debt. This has been done, and no more. In our opinion, the implied finding of the trial court is justified under the evidence.

Judgment is affirmed.

On Motion for Rehearing.

Appellant in his motion for a rehearing calls our attention to two mistakes in the original opinion. It is not asserted that the same are of great importance. However, in the interest of accuracy, we will correct same.

In the second paragraph on page two of the opinion it is recited that Brown, trustee, "duly filed an abstract of the judgment under which he claims and thereafter caused execution to issue thereon." The abstract of the judgment was filed out of the cause of Crane County v. Gay. Execution was later issued on that judgment and levy made on the property involved in this suit, and at the sheriff's sale thereunder the purchaser was Brown, trustee.

In the next to the last sentence in the second paragraph on page two of the opinion it is said, "prior to the conveyance by the trustee to plaintiff." This statement should read and the finding be, "prior to the conveyance by the substitute trustee to the plaintiff."

We have given careful consideration to the motion of appellant, but still adhere to the views expressed in the original opinion.

The motion for rehearing is overruled.