*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



# MEMORANDUM OPINION

No. 04-10-00099-CV

Angel **BERNAL-BELL** and Maria Sonia Bernal,
Appellants

v.

**SAXON MORTGAGE SERVICES, INC**., Deutsche Bank National Trust Company, Morgan
Stanley ABS Capital 1 Inc. Trust 2007-NC3 and Shine Bright Acquisitions, L.L.C.,
Appellees

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 09-1632-CV
Honorable W. C. Kirkendall, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:        Sandee Bryan Marion, Justice
                Steven C. Hilbig, Justice
                Marialyn Barnard, Justice

Delivered and Filed: August 18, 2010

AFFIRMED

Angel Bernal-Bell and Maria Sonia Bernal appeal the order denying their application for a

temporary injunction. We affirm.

## BACKGROUND

In 2006, the Bernals purchased a home with a down payment of $190,035.99 in cash, and

executed a note to Kingston Mortgage in the amount of $64,185.00. The note was secured by a deed

of trust, and the loan was serviced by New Century Mortgage. Some time before January 2009, the note was sold to Deutsche Bank National Trust Company, as trustee for Morgan Stanley ABS Capital 1 Inc. Trust 2007-NC3 ("Deutsche Bank"), and the servicing was transferred to Saxon Mortgage Services, Inc. ("Saxon").

The Bernals fell behind on their mortgage payments, and Saxon, through its attorneys, sent notice of default to the Bernals by letter dated January 26, 2009. The notice identified Duetsche Bank as the Mortgagee, and the default amount as $2,195.06. Mrs. Bernal testified that upon receiving the letter she contacted Saxon and explained that her husband had been in an accident, which prevented him from working and from making their mortgage payments. Saxon sent the Bernals a letter requesting information related to their hardship and inability to pay the mortgage. Mrs. Bernal testified she believed Saxon was working with her to modify the mortgage payments and prevent a foreclosure.

In the meantime, Deutsche Bank sent the Bernals two notices of acceleration. One was dated May 27, 2009, and the second was dated June 1, 2009, and both were signed by Carolyn A. Taylor, as substitute trustee. Each notice included a notice of substitute trustee's sale that was marked: "EXECUTED in multiple originals on June 15, 2009," and signed by "Carolyn A. Taylor, Substitute Trustee." However, Taylor was not appointed as a substitute trustee until June 10, 2009. The notice of substitute trustee's sale stated the foreclosure sale would occur on July 7, 2009. Shine Bright Acquisitions, L.L.C. purchased the property for $68,352.19 at the foreclosure sale.

The Bernals filed suit alleging, among other causes of action, a wrongful foreclosure claim. The Bernals also sought a temporary injunction to prevent eviction during the pendency of this lawsuit. The trial court denied the application for temporary injunction and found:

1. The Court finds that a gross disparity exists between the bid price and the fair market value of the property.

2. The Court further finds that the plaintiffs have been unable to plead or prove any irregularity in the conduct of the foreclosure sale, and the Court on its own review has been unable to find any irregularity.

3. The Court further finds that the actions of the substitute trustee have been ratified by her appointment.

4. The Court finds that the plaintiffs' application for a temporary injunction should be DENIED.

The Bernals appeal the trial court's order denying them injunctive relief.

## DISCUSSION

To obtain a temporary injunction, the applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). The decision to grant or deny a temporary injunction is within the sound discretion of the trial court. *Id.* We reverse an order denying injunctive relief only when the trial court abuses its discretion. *Id*. The test for abuse of discretion is whether the court acted without reference to any guiding rules or principles. *Low v. Henry*, 221 S.W.3d 609, 619-20 (Tex. 2007).

The Bernals contend that Taylor had no actual authority to accelerate the note and send the statutory notices until June 10, 2009. They argue this was an irregularity in the foreclosure sale, which when coupled with the inadequate consideration, rendered the sale void.

To void a foreclosure sale because of inadequate consideration, there must be evidence there was an irregularity in the sale. *Am. Sav. & Loan Ass'n v. Musick*, 531 S.W.2d 581, 587 (Tex. 1975); *Powell v. Stacy*, 117 S.W.3d 70, 75 (Tex. App.—Fort Worth 2003, no pet.); *Sanders v. Shelton*, 970

S.W.2d 721, 726 (Tex. App.—Austin 1998, pet. denied). The irregularity must have caused or contributed to the grossly inadequate sale price. *Musick*, 531 S.W.2d at 587; *Powell*, 117 S.W.3d at 75; *Sanders*, 970 S.W.2d at 726. The threshold issue is whether there were any irregularities in the sale of the Bernals' home. *Powell*, 117 S.W.3d at 75; *Charter Nat'l Bank-Houston v. Stevens*, 781 S.W.2d 368, 372 (Tex. App.—Houston [14th Dist.] 1989, writ denied).

As a general rule a substitute trustee has no power to act prior to her appointment. *Univ. Sav. Ass'n v. Springwoods Shopping Ctr*, 644 S.W.2d 705, 706 (Tex. 1982); *Slaughter v. Qualls*, 139 Tex. 340, 162 S.W.2d 671, 675 (1942). However, a trustee's actions after she is appointed ratify and affirm prior acts. *See Chandler v. Guar. Mortgage Co.*, 89 S.W.2d 250, 254 (Tex. App.—San Antonio 1935, no writ); *Wilson v. Armstrong*, 236 S.W. 755, 760 (Tex. Civ. App.—Beaumont 1921, no writ)(on rehearing). In *Wilson*, the deed of trust imposed a duty on the substitute trustee to give notice of sale and post the notices. *Wilson*, 236 S.W. at 760. However, the trustee signed and posted the notices before he was appointed. *Id*. The court stated:

> The signing and posting of notices of sale are ministerial acts, and do not involve the exercise of discretion. Whether [the trustee] signed the notices of sale before he was formally designated as substitute trustee or after his designation, at the time when he posted them, as required by the deed of trust, and by his act in posting them, he ratified and affirmed his prior act of signing the notices, and recognized it as his present act, as of date of posting, as fully as if he had erased his signature from the notices and re-signed them. To hold otherwise would require a substitute trustee, who had signed notices of sale prior to his formal designation as such substitute trustee, to do the foolish thing of erasing his name from the notices of sale and re-signing them.

*Id.*

In *Chandler*, the notice of sale was published by the substitute trustee ten days before the original trustee refused to act and the substitute was appointed. *Id.* Relying on *Wilson*, this court stated:

> In that state of facts, the presumption will be indulged that the posting of notice was made by the substitute trustee after his appointment. Moreover, even if his appointment was made after posting the notices, his subsequent acts under the appointment had the effect of ratifying and affirming his prior acts as substitute trustee.

*Id.*

Taylor sent notices of acceleration and of the substitute trustee's sale on May 27 and June 1, 2009. The notices of the substitute trustee's sale were postdated for June 15, 2009 and Taylor was appointed as substitute trustee on June 10, 2009. The trial court found Taylor's actions before her appointment were ratified by her appointment, and there was no irregularity in the sale. Based on *Wilson* and *Chandler*, we can not say the trial court acted without reference to any guiding rules or principles in finding there was no irregularity in the sale. *See Chandler*, 89 S.W.2d at 254; *Wilson*, 236 S.W. at 760; *see also Benser v. G.E. Capital Mortgage Servs., Inc.*, 05-93-00995, 1994 WL 156245, *4 (Tex. App.—Dallas Oct. 20, 1994, writ denied) ("when a party appoints the substitute trustee after the substitute trustee posted the notices of foreclosure, his later acts under the appointment ratify and affirm his prior acts as substitute trustee."). We hold the trial court did not abuse its discretion in denying the Bernals a temporary injunction.[1] *See Low*, 221 S.W.3d at 619-20.

Steven C. Hilbig, Justice

---

[1] Additionally, the Bernals did not present any evidence that the alleged irregularity caused or contributed to the grossly inadequate sale price. *See Musick*, 531 S.W.2d at 587; *Powell*, 117 S.W.3d at 75; *Sanders*, 970 S.W.2d at 726. The Bernals must show the irregularity in the sale contributed to the inadequate sale price in order for the sale to be void. *See Musick*, 531 S.W.2d at 587; *Powell*, 117 S.W.3d at 75; *Sanders*, 970 S.W.2d at 726.