COCKRUM LUMBER COMPANY *v.* W. H. STERCHI, *et al.*\*

(*Knoxville.* September Term, 1928.)

Opinion filed October 6, 1928.

1. BONDS.   INDEMNITY.   LIABILITY.   ESTOPPEL.   COR-
PORATE SEAL.   POWER OF ATTORNEY.

Where it appears that a duly authorized agent of a bonding com-
pany executed a bond, on which the premium was paid by the
beneficiary, as attorney in fact, and attached thereto the seal of
the company, the company would be estopped to deny liability
thereon, even though the power of attorney only authorized the
agent to issue bonds on behalf of the company when said bonds
were countersigned by an attorney of the company and even
though the agent failed to notify the company of its execution and
failed to remit the premium to the company.   (Post, p. 443.)

2. CORPORATE SEALS.   PRIMA-FACIE EVIDENCE OF AU-
THENTICITY.

Our statute which abolished the use of private seals upon written
contracts expressly excepted seals of corporations and the rule
is that the seal of a corporation to an instrument constitutes
**prima-facie** evidence that it was planted there by the proper
authority and that the instrument is the act of the corporation.
(Post, p. 444.)

Citing: Sec. 3213, Thompson-Shannon's Code; Levering & Carn-
cross v. The Mayor, 26 Tenn. (7 Humph.), 553; Darnell v. Dickens,
12 Tenn. (4 Yerg.), 7; Hopkins v. Gallatin Turnpike Co., 23
Tenn. (4 Humph.), 403; City of Memphis v. Adams et al., 56
Tenn. (9 Heisk.), 518; Thompson on Corporations (39 Ed.), sec.
2038.

3. **CORPORATE SEALS. AUTHENTICITY OF INSTRUMENT. PRIMA-FACIE EVIDENCE. ESTOPPEL.**

The presumption that a seal of a corporation is **prima-facie** evidence of its authenticity is not conclusive, but there being nothing unusual to excite suspicion of the manner of the execution of the bond, the principal had a right to assume when it was delivered bearing the seal that it was executed by proper authority, and after it has been accepted, paid for, and the contractor allowed to proceed, and the principal become bound for the claims of materialmen under circumstances making him an innocent purchaser of the bond for value, the indemnity company is estopped and will not be permitted to question its responsibility upon the instrument. (Post, p. 444.)

Citing: Levering & Carncross v. The Mayor, etc., 26 Tenn. (7 Humph.), 553.

---

*Corpus Juris-Cyc References: Corporations, 14a C. J., section 2250, p. 397, n. 17; p. 398, n. 19; section 2548, p. 602, n. 87.

---

**FROM KNOX.**

---

Appeal from the Chancery Court of Knox County.— HON. ROBERT M. JONES, Judge.

W. R. HENDERSON, for complainant.

J. BAILEY WRAY, for W. H. Sterchi.

H. T. POORE, for R. S. Dysart.

LINDSAY, YOUNG & YOUNG, for New York Indemnity Co.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The question presented in this case on the petition for *certiorari* to the Court of Appeals is the liability of the New York Indemnity Company upon a builder's bond. There was a decree against the Indemnity Company in both of the lower Courts.

Sterchi entered into a contract with Roy S. Dysart whereby the latter was to erect for Sterchi a building in the City of Knoxville. In this contract it was provided that Dysart should execute bond conditioned for the faithful performance of said contract and for the due payment of all laborers and materialmen in the sum of nine thousand ($9,000) dollars. A bond was procured by Dysart in said sum and of said tenor signed "R. S. Dysart, New York Indemnity Co. by attorney-in-fact W. H. Wilson" and tendered to Sterchi's architect. The architect testified that he examined the bond, and it appearing to have been properly executed and bearing the seal of the Indemnity Company he accepted it.

Dysart thereupon proceeded with the construction of the building and contracted a bill with the Cockrum Lumber Company amounting to twenty-seven hundred and fifty-six and 33/100 ($2756.33) dollars for materials used in the work. Dysart failed to pay for said material and the Cockrum Lumber Company, after due notice to Sterchi, established its lien upon said building and brought suit against Sterchi to enforce the same. Sterchi answered this bill and by cross-bill brought the New York Indemnity Company into the case and sought a recovery against said Company upon said bond for the amount of the materialmen's claim.

The Indemnity Company answered the cross-bill and denied all knowledge of the bond. It denied that said bond was executed by its authority and denied liability

thereupon. As stated before there was a decree against the Indemnity Company in the lower Courts.

Dysart procured the bond, through another agent, from W. H. Wilson who signed the bond as attorney-in-fact. Wilson had an office in Knoxville and was an agent of the Indemnity Company. According to his contract with Dysart, Sterchi paid the premium on this bond to Wilson. Wilson, however, defaulted, failed to report the execution of said bond to the Indemnity Company and the Indemnity Company received no part of said premium.

While Wilson was an agent of the Indemnity Company, the power of attorney issued to him only authorized him to execute bonds on behalf of the Company when said bonds were countersigned or approved by Robert S. Young or Sam E. Young, these two gentlemen being attorneys of the Indemnity Company at Knoxville. Neither of said attorneys knew anything of the execution of the bond by Wilson.

(1) After the facts just stated were developed in taking proof, Sterchi amended his cross-bill so as to charge that the Indemnity Company placed its agent Wilson "in such a situation that a person of ordinary prudence was justified in assuming that such agent was authorized to execute said bond," and further that the Indemnity Company was "estopped from denying said agent's authority to execute said bond." By order of the Chancellor this amendment was treated as traversed by the Indemnity Company. The case has been presented with some elaboration. It is not necessary to discuss all the points made, for in our opinion the circumstance that this bond as issued and delivered to Sterchi's architect bore the seal of the Indemnity Company precludes that

Company, upon the facts appearing, from contesting its liability on said instrument.

*(2)* Section 3213, Thompson's-Shannon's Code, which abolished the use of private seals upon written contracts expressly excepted seals of corporations.

The rule in this jurisdiction has been stated thus:

"The seal of a corporation to an instrument constitutes *prima-facie* evidence that it was planted there by the proper authority, and that the instrument is the act of the corporation." *Levering & Carncross* v. *The Mayor,* 26 Tenn. (7 Hump.), 553.

To the same effect see *Darnell* v. *Dickens,* 12 Tenn. (4 Yerg.), 7; *Hopkins* v. *Gallatin Turnpike Co.,* 23 Tenn. (4 Hump.), 403; *City of Memphis* v. *Adams et al.,* 56 Tenn. (9 Heisk.), 518. Such is the general rule. Thompson on Corporations (3 Ed.), section 2038.

*(3)* Of course, the presumption just referred to is not conclusive. Sterchi's architect, however, had a right to assume when the bond was delivered to him bearing the seal of the Indemnity Company that the contract was executed by proper authority and that it was the act of the corporation. Upon this assumption the architect accepted the bond for Sterchi and Sterchi paid for the bond. The contractor was allowed to proceed with the work and the property of Sterchi became bound for the claims of materialmen. In the circumstance Sterchi was an innocent purchaser of the bond for value and upon familiar principles the Indemnity Company after Sterchi incurred liabilities on the faith of the bond, could not be permitted to question its responsibility upon the instrument.

There was nothing unusual, nothing to excite the suspicion of Sterchi or his architect, in the manner of the

execution of the bond. Such bonds are commonly executed by indemnity companies, located in eastern cities, through local attorneys-in-fact. It is furthermore conceded that Wilson was an agent of the surety upon this bond.

The circumstance that the bond was signed by W. H. Wilson "attorneys-in-fact" instead of "attorney-in-fact" was not sufficient to put Sterchi on notice that there was anything wrong with its execution, or that another signature was required. *W. H. Wilson* was autographed. *Attorneys-in-fact* was typewritten.

In *Levering & Garncross* v. *The Mayor, supra,* the defense was that the contract upon which suit was brought against the City of Memphis was executed by two members only of a municipal committee composed of three members. It was insisted that the signature of all three members composing the committee was necessary to a binding contract and that the plaintiff should have taken notice of such fact. The Court, however, held that the contract being under seal must be regarded as the act of the corporation "without reference to the question of the authority of the committee," in the absence of proof to the contrary. In the case before us proof to the contrary could not be heard as against Sterchi after he incurred the liabilities mentioned, relying upon the protection of the bond.

For the reasons stated, without discussing other questions, the petition for the writ of *certiorari* is denied.