## AMERICAN SURETY CO. OF NEW YORK
### v. CROSS, Clerk.
#### No. 1360.

Court of Civil Appeals of Texas. Eastland.

Jan. 25, 1935.

Rehearing Denied Feb. 22, 1935.

Coombes & Andrews, of Stamford, for appellant.

Thomas & Thomas, of Anson, for appellee.

HICKMAN, Chief Justice.

This suit was instituted by appellee, as district clerk of Jones county, for himself and other officers of the court against appellant, as surety on a cost bond in another case in said court, to recover the costs incurred therein. The case in which the costs accrued was dismissed for want of prosecution prior to the institution of this suit, and the plaintiff in that case, who was the principal on the bond signed by appellant, was actually and notoriously insolvent when this suit was instituted and tried.

Appellant's name was signed to the bond in this manner: "American Surety Company of New York, by Warren B. Tayman, Attorney-in-fact." It was approved by the district clerk, and certain items of cost were incurred after its filing and approval. The appellant denied under oath that the bond was executed by it or by its authority. It admitted that Warren B. Tayman was its attorney in fact with authority to execute certain bonds enumerated in a written power of attorney recorded in Jones county, but denied that he was authorized to execute bonds for court costs. By supplemental petition appellee alleged that appellant had held out the said Tayman as its attorney in fact and intrusted him with its corporate seal, which was impressed on the cost bond, that his predecessor accepted said bond relying upon the execution thereof by the said Tayman, as attorney in fact, with the seal of the corporation fixed, and that appellant was estopped to deny the authority of said Tayman to execute same. The case was tried by the court without a jury, resulting in a judgment in favor of appellee for $546.39, from which this appeal is prosecuted.

Upon the request of appellant, the court filed findings of fact and conclusions of law, and upon further request filed additional findings of fact. These findings are very fair and full, and the conclusions of law clearly reflect the theory upon which the judgment was rendered. To set them out in full would unduly lengthen this opinion, but the substance of the material findings and controlling conclusions will be stated.

Warren B. Tayman was acting as attorney in fact for appellant under a written power of attorney, duly recorded in the power of attorney records in Jones county. This power of attorney authorized Tayman to execute, in behalf of appellant, specific bonds therein mentioned, as follows: "Bonds, not exceeding in any single instance, Ten Thousand Dollars, ($10,000.00), conditioned for the faithful performance of their duties by executors, administrators, receivers and trustees in bankruptcy and receivers and in State and Federal Courts, (excepting Receivers and trustees under State Insolvency Laws and Assignees for the benefit of creditors): Bonds, not exceeding in any single instance, Five Thousand Dollars ($5,000.00), on attachment, on garnishment and on sequestration: License Bonds, not exceeding in any single instance, Five Thousand Dollars ($5,000.00) for Plumbers, Gas-Fitters, Sidewalk Layers and Electricians; Bonds, not exceeding in any single instance, One Thousand Dollars, ($1,000.00) on Removal, and, Bonds, not exceeding in any single instance, One Thousand Dollars, ($1,000.00) for Notaries Public—required to be filed in the County of Jones, State of Texas."

The corporate seal of appellant was intrusted to Tayman, and was by him impressed on the cost bond sued upon. He delivered

it to E. V. Hardwicke, attorney for the plaintiff in the cause in which the bond was filed. Tayman had never before executed, in behalf of appellant, a cost bond, but he thought he had authority to do so, and was so advised by Mr. Hardwicke, who at that time represented appellant in Jones county in any legal matters referred to him, but was not employed to advise agents. Immediately after Tayman executed this bond for appellant and delivered it to Hardwicke, he wrote to appellant inquiring whether he had authority to execute cost bonds, but made no mention of the fact that he had theretofore attempted to do so. In reply to this letter he was promptly advised by appellant that he had no such authority, and thereupon he took the matter up with Mr. Hardwicke, who promised to have appellant released therefrom. No premium was paid to appellant, or to Tayman. At the time the bond was presented to the then district clerk, J. Spurgeon Reeves, he knew that Tayman was the agent of appellant, and that, as such agent, he had executed various surety bonds for and on behalf of appellant, but did not have any knowledge that he had ever executed a cost bond, for, in fact, no such bond had ever theretofore been executed by him on behalf of appellant. In this connection the court made the following finding of fact: "J. Spurgeon Reeves testified, and I find from the evidence, that when the cost bond sued on herein was presented to him as Clerk of the District Court of Jones County, Texas, he noticed that it was signed by Warren B. Tayman, Attorney-in-fact, and knew from his signing, 'attorney-in-fact' that he had a power of attorney, but that the said J. Spurgeon Reeves, as such district clerk, never called upon Warren B. Tayman for such power of attorney and made no inquiry as to the authority conferred by such power of attorney, either of Warren B. Tayman or of the American Surety Company of New York, nor did he make any investigation of the power of attorney records of Jones County to ascertain if such power of attorney was recorded therein."

█ The first question of law presented for decision is whether the recording of the power of attorney from appellant to Tayman constituted constructive notice to the district clerk, and the public generally, of the authority vested in Tayman thereby. On this question the trial court made the following conclusion: "The power of attorney from defendant, American Surety Company, to Warren B. Tayman which was filed in the county clerk's office of Jones County, Texas, and

recorded in Vol. 3, page 401 of the power of attorney records of said county, on or about August 8, 1929, is not such an instrument as is required by law to be recorded; and there was no authority for the recording of such instrument, and the same did not constitute notice to J. Spurgeon Reeves, District Clerk of Jones County, Texas, at the time the cost bond involved in this case was presented to him and at the time he accepted, approved and filed same, of any want of authority on the part of the said Warren B. Tayman to execute said bond. Said power of attorney did not constitute constructive notice to third persons dealing with the said Warren B. Tayman as agent and attorney in fact for the defendant, American Surety Company of New York."

We adopt this conclusion as our holding on the question therein discussed. Article 6626 of the Revised Civil Statutes 1925, is as follows: "The following instruments of writing, which shall have been acknowledged or proved according to law, are authorized to be recorded, viz., all deeds, mortgages, conveyances, deeds of trust, bonds for title, covenants, defeasances or other instruments of writing concerning any lands or tenements, or goods and chattels, or movable property of any description."

A power of attorney from a surety company to its agent authorizing the latter to execute bonds on its behalf as surety in legal proceedings is not such an instrument in writing as is authorized to be recorded under the above statute. Not being an instrument authorized to be recorded, its recordation was ineffective as constructive notice. Burnham v. Chandler, 15 Tex. 441.

On the question of estoppel, the essence of the views of the trial judge is stated in this language: "The fact that the corporate seal of defendant, American Surety Company of New York, was impressed on the cost bond involved in this case constituted prima facie evidence that it was placed there by the proper authority, and that the instrument was the act of the corporation; and at the time said bond with said corporate seal impressed thereon, was presented to J. Spurgeon Reeves, Clerk of the District Court of Jones County, Texas, as security for costs in cause No. 5217 on the docket of said court, said clerk had a right to assume that said bond was executed by proper authority and was the act of the corporation; and the defendant, American Surety Company of New York, is precluded, upon the facts appearing, from contesting its liability on said bond."

It is apparent that this is the controlling question for decision. There is no evidence that the appellant knew that this bond had been executed until it was called upon to pay the costs in the case in which it was filed after that case had been dismissed. There is no evidence that Tayman had theretofore executed any cost bond on behalf of appellant. In short, if appellant is liable on this bond, such liability rests upon the single fact that it intrusted its agent, Tayman, with its corporate seal. We do not understand that it is insisted that actual authority was granted Tayman in the power of attorney to execute bonds of this nature, but that our holding may be made clear, we observe that the power of attorney did not confer actual authority upon him so to do.

The question of the effect to be given to the fact that a corporate seal is impressed upon a written instrument to which the corporation's name is signed has been the subject of much writing. The rule of general acceptation is, that its effect is to carry with it prima facie evidence that it was affixed by proper authority. "More fully stated, it is the rule that the presence of the seal is prima facie evidence of the authority of the agent to act for the corporation, and that he was also authorized to affix the seal." Thompson on Corporations (3d Ed.) § 2038. That is the rule in Texas. Catlett v. Starr, 70 Tex. 485, 7 S. W. 844; Emory v. Bailey, 111 Tex. 337, 234 S. W. 660, 661, 18 A. L. R. 901; 10 Tex. Jur. p. 998, § 338, and authorities there cited.

The presumption is one of fact only, and may be rebutted by proof of want of authority. Authorities, supra. Had no evidence been offered in this case except the bond itself upon which was impressed the corporate seal, the presumption would have been, within itself, sufficient to support the action of the court in regarding the bond as the act and deed of the corporation, but appellant overcame this presumption by the introduction of the power of attorney. A presumption which makes only a prima facie case must yield to positive evidence to the contrary. The question is so clearly discussed by Justice Greenwood in the case of Emory v. Bailey, supra, that we quote at length from that opinion, as follows:

"The seal was prima facie evidence that the deed was the duly authorized act of the railroad company. It implied that the board of directors had empowered the president and secretary to make the very sale and transfer which was evidenced by the instrument on which it was impressed. Catlett v. Starr, 70 Tex. [485] 489, 7 S. W. 844; Ballard v. Carmichael, 83 Tex. [355] 367, 18 S. W. 734; Quinlan v. H. & T. C. Ry. Co., 89 Tex. [356] 380, 34 S. W. 738; 3 Cook on Corporations, § 722, and note 1.

"Thompson says:

"'It (the seal) is presumptive or prima facie evidence that the deed is the deed of the corporation, and that the officers who signed, sealed, and acknowledged it were duly authorized so to do, and the instrument is therefore admissible in evidence, if otherwise relevant. In other words, the seal carries with it prima facie evidence of the assent of the corporation to the deed.' 4 Thompson on Corporations, § 5105.

"It is to be noted that the presumption that the deed of a corporation, signed by the president, under the corporate seal, is authorized, may be overcome by proof, as was done in the case of Fitzhugh v. Franco-Texas Land Co., 81 Tex. [306] 311, 16 S. W. 1078. The deed here tendered in evidence was attacked by no extrinsic evidence. It was presumptively the act of the corporation, and it carried on its face that which entitled it, in the absence of opposing proof, to be regarded as the binding act and deed of the railroad company."

Appellee relies upon the case of Cockrum Lumber Co. v. Sterchi, 157 Tenn. 440, 9 S.W. (2d) 704, by the Supreme Court of Tennessee. The facts of that case cannot be distinguished from those of the instant case. In its opinion the court recognized the rule above quoted, that the seal of a corporation to an instrument constitutes prima facie evidence that it was affixed by proper authority, and also recognized that the presumption is not conclusive, but by some reasoning, which we are not able fully to appreciate, it arrived at the conclusion that the corporation was bound on a bond executed by its attorney in fact without authority to do so, simply because such attorney in fact impressed its seal thereon. The effect of that opinion is to make the presumption conclusive. It is in direct conflict with the holding of our Supreme Court as reflected in the opinion from which we quoted above, and cannot, therefore, be accepted as an authority in this state. See the authorities cited in 10 Tex. Jur. pp. 998, 999.

Making specific application of the foregoing to the facts of the instant case, the conclusion is impelled that the presumption

of authority of Tayman to execute the bond in question so as to bind appellant has been overcome by the evidence, which affirmatively discloses want of such authority, and that no facts supporting an estoppel exist. It is, therefore, our opinion that judgment should have been rendered that appellee take nothing. Such judgment will be rendered here.

Reversed and rendered.

## On Rehearing.

The earnestness with which appellee presents the question of estoppel in his motion for rehearing has caused us to reconsider that entire question. The essence of the contention is that, by its act in intrusting its agent with its corporate seal, thereby clothing him with the indicia of authority, the appellant placed him in such a position that a person of ordinary prudence, under the circumstances, and in the position of the clerk, dealing with such agent, had the right to assume that the instrument signed by such agent in behalf of the company and impressed with the corporate seal was the act of appellant. The only act of appellant upon which an estoppel could be predicated was the simple act of intrusting its agent with its corporate seal. The rule, that the fact that the corporate seal is impressed on an instrument affords prima facie evidence that the execution thereof was authorized, is a rule of evidence. It does not follow, we think, that a person dealing with an agent has the right to assume his authority simply because he has a seal. So to hold would, in effect, make the prima facie presumption conclusive. The theory insisted upon is in conflict with the holding of our Supreme Court in Fitzhugh v. Franco-Texas Land Co., 81 Tex. 306, 16 S. W. 1078.

The motion contains this suggestion: "Under the court's holding in this case a corporation, which has not given its agent authority to execute a particular kind of bond, but has given him authority to execute some kinds of bonds and intrusted him with its corporate seal, is placed in a position, whereby it may accept the benefit of bonds executed by its agent without authority, and on which its corporate seal is impressed by said agent, where no occasion arises for liability thereon; but, if occasion for liability arises, and the corporation is sued on the bond, then the corporation can go into court and plead that, although it had given its agent authority to execute certain bonds and intrusted him with its corporate seal and placed him in a position where an ordinary prudent person dealing with him would presume from the use of such corporate seal on an instrument, purporting to be executed by the company, that said agent did not have authority to execute such instrument and the corporation is not therefore liable; and this applies generally whether the instrument be a deed, bond or some other sort of instrument."

Our holding does not go to the extent of denying the existence of estoppel, had the company accepted the benefit of executing this bond. No premium was paid to, or received by, the company or its agent. Let us consider what would be the effect of a holding that a corporation is estopped to question the authority of its agent to sign any character of bond simply because it furnishes to that agent its corporate seal. In order to have an agent it is necessary that he be furnished with a corporate seal so as to execute the bonds which he is authorized to execute. If, by intrusting him with a corporate seal, the corporation thereby estops itself to deny his authority to execute any and all kinds of bonds in any amount which he might choose, no surety company could transact business through an agent. The only method by which it could protect itself from liability, and at the same time transact business, was employed in this case. It gave to its agent a written power of attorney, and that agent signed the bond as attorney in fact, thereby giving notice to all persons dealing with him that his powers were limited by a written instrument. With that warning, one dealing with that agent has no right to assume that he has unlimited powers simply because he has a corporate seal necessary to the transaction of any business at all, and on the faith of that assumption hold the surety company liable on bonds which it did not and would not authorize its agent to write. Under appellee's theory, had this agent written a supersedeas bond for $100,000, on the basis of which execution had been stayed while the case was pending on appeal, the company would have been estopped to deny liability on the bond. This theory, we think, should be rejected.

We believe a proper disposition was made of this case in the original opinion, and the motion for rehearing is overruled.