## FAULKNER et ux. v. LEAR.
### No. 4880.

Court of Civil Appeals of Texas. Beaumont.
May 7, 1953.

Rehearing Denied May 27, 1953.

James E. Faulkner, Cold Springs, for appellants.

Julius F. Franki, Austin, for appellee.

PER CURIAM.

This is an appeal by James E. Faulkner and his wife, Rachel Faulkner, appellants, from a judgment against them and in favor of Gladys Lear, appellee, in the district court of San Jacinto County. The judgment was upon an instructed verdict in a trespass to try title action brought by the appellants.

Survey 118, S.F. 9007, 102 acres of land in San Jacinto County, was awarded February 3, 1911, to Robert Taylor on application filed in the office of the State Land Commissioner January 5, 1911, to purchase the same without settlement. This sale to Robert Taylor was forfeited for nonpayment of interest August 31, 1923, and the file wrapper in the Land Office containing the papers pertaining to such sale now bears the endorsement, "Land forfeited Aug. 31, 1923. J. T. Robison, Comr." This 102 acres of land was awarded October 15, 1923, to Gladys Lear on application filed in the Land Office September 4, 1923, to purchase the same without settlement. This sale to Gladys Lear was forfeited for nonpayment of interest July 1, 1927, and the file wrapper in the Land Office containing the papers pertaining to such sale now bears the endorsement, "Land forfeited 7–1–27. J. T. Robison, Comr." On February 28, 1928, said 102 acres of land was again awarded to Gladys Lear on her application filed February 15, 1928. This re-sale was forfeited by the Land Commissioner endorsing on the file wrapper, "Land forfeited 7–21–1947, Bascom Giles, Commissioner," and by noting the fact of such forfeiture on other records of the Land Office. On February 8, 1952, Gladys Lear filed her affidavit with the Land Commissioner, stating that she was the owner of the land forfeited for nonpayment of interest, tendered all the delinquent interest, and requested that the land be reinstated in accordance with Article 5326 of the Revised Civil Statutes of 1925, Vernon's Ann. Civ.St. art. 5326, and thereupon the land was reinstated on the records of the Land

Office February 8, 1952, and the file wrapper containing the papers pertaining to the resale to Gladys Lear was endorsed "Reinstated 2–8–52. Bascom Giles Commissioner." The above facts were shown in the proof by certified copies of instruments from the office of the State Land Commissioner.

The records of the State Land Office show nothing in regard to Robert Taylor after the forfeiture of the sale to him on August 31, 1923. His last dealings with the Land Office was his payment of $3.82 principal and $7.20 interest on his sale contract, made on November 14, 1917. The evidence establishes that Taylor moved off the land and away from the community in 1921, and has never moved back there. On January 19, 1952, over 28 years after the forfeiture of the sale to Taylor, he executed a deed to the appellants to the 102 acres of land in suit.

Appellants presented this deed to the Land Office, together with their application requesting a patent to them as assignees of Robert Taylor, reinstatement of the Robert Taylor sale, and a patent to them under Article 5421c, R.C.S. Vernon's Ann.Civ.St. art. 5421c. This application was first filed February 5, 1952, and later refiled February 13, 1952. The first of these dates is prior to the date of the filing of Gladys Lear's last application and reinstatement, the other is subsequent to that date. The first application was rejected by the Land Commissioner, who stated in his letter to plaintiffs that no payments of delinquent interest were received with the application. The second application, which was accompanied by a cashier's check, was also rejected by the Land Commissioner. This application came after the Lear sale was reinstated.

■ The evidence shows a valid forfeiture of the Taylor sale. The endorsement of forfeiture on the papers and of the file wrapper in the State Land Office by the Commissioner is sufficient proof of forfeiture. Anderson v. Waco State Bank, 86 Tex. 618, 28 S.W. 344; Huggins v. Robison, 118 Tex. 82, 10 S.W.2d 710. In the absence of any affirmative showing to the con-

trary, it will be presumed that the action of the Land Commissioner in forfeiting the Taylor sale to the State for nonpayment of interest was in compliance with the law and regular in all respects, since such was the act of an official of the State, done in the execution of his official duties. Lewis v. Heath, Tex.Civ.App., 12 S.W.2d 641; Clements v. Robison, 111 Tex. 449, 239 S.W. 902; Weatherly v. Jackson, 123 Tex. 213, 71 S.W.2d 259.

■ Since the Taylor sale was shown to have been forfeited to the State for nonpayment of interest, such sale could have been reinstated only in compliance with the statute, Article 5326, Vernon's Annotated Statutes of Texas, as amended in 1941. This article provided that any sale forfeited theretofore must be reinstated within five years after the effective date of the amending act. This date was May 2, 1941. Taylor and his assignees therefore were precluded from reinstating his sale after May 2, 1946, five years after the effective date of the amendment, even if the rights of no third party had intervened. The legislature further amended this act in 1951, so that such Article 5326 now provides that such a forfeited sale can be reinstated only if proper application is made within five years after the date of the forfeiture.

■ Since the appellants brought this suit, they had the burden of showing that they had title to the land in suit. This they have not done. They attack the sale to Gladys Lear made in 1923, but we believe that such sale was not invalid. The Taylor sale was forfeited August 31, 1923, and thus became subject to sale by the Land Commissioner on September 1, 1923, according to the statute then in effect, Article 5405a, Vernon's Texas Civil Statutes, 1922 Supplement. It must be assumed that such land continued to be subject to sale after that date, until sold. In the absence of any affirmative showing to the contrary, it must be assumed that the sale by the Land Commissioner was regular and in conformity with the law. No attack is made on the 1928 sale to Gladys Lear, however, and we believe that it is shown to be regular and that her claim was properly rein-

150

stated after the 1947 forfeiture by the Land Commissioner.

 From what has been said above, we believe that the action of the trial court in instructing a verdict and entering judgment in favor of the appellee and against the appellants was correct.

The judgment is affirmed.