**FARMER et al. v. CASSITY.**

No. 4781.

Court of Civil Appeals of Texas.

Beaumont.

Dec. 30, 1953.

Rehearing Denied Jan. 27, 1954.

Cecil, Keith & Mehaffey, Beaumont, for Lawyers Surety Corp.

V. A. Collins, Livingston, J. Austin Barnes, Beaumont, for Cassity.

PER CURIAM.

This is an original proceeding in this court, filed by Lawyers Surety Corporation, the surety on the supersedeas bond of the appellant.

The appellee recovered judgment against the appellants in the district court of Polk County, Texas, in May, 1951. Thereafter the appellants appealed from said judgment to this court and filed a supersedeas bond in the principal sum of $7,000. The supersedeas bond was signed by James E. Faulkner as deputy attorney in fact for Lawyers Surety Corporation. The judgment of the trial court was affirmed by this court on September 11, 1952, and on November 26, 1952 the clerk of this court issued a mandate in the case to the clerk of the district court of Polk County. In the judgment

of this court affirming the judgment of the trial court, a summary judgment was rendered against Lawyers Surety Corporation as surety upon the supersedeas bond of the appellants.

Thereafter on January 19, 1953 Lawyers Surety Corporation filed in this court its motion to recall the mandate heretofore issued on November 26, 1952 and to vacate the judgment of this court against the said Lawyers Surety Corporation. It alleged as grounds for such motion that the said James E. Faulkner was a resident of San Jacinto County, Texas at the time of execution of such bond and that at that time he did have a power of attorney authorizing him to execute certain bonds and undertakings on behalf of Lawyers Surety Corporation by virtue of a power of attorney executed by Lawyers Surety Corporation, but that such power of attorney contained upon the face thereof a limitation of authority and specifically stated that the said Faulkner had no authority to execute a supersedeas bond of any kind in any case; that the said Faulkner without the knowledge or consent of Lawyers Surety Corporation purported to bind it as surety on the said supersedeas bond and the clerk of the district court did approve said bond without the knowledge or consent of Lawyers Surety Corporation. It further alleged that on August 21, 1952, after the execution of the said bond and before the entry of the summary judgment of this court, power of attorney previously issued to the said James E. Faulkner was cancelled. It further alleged that this court entered such summary judgment against it, based upon an error of fact unknown to the court at the time of rendering such judgment and that this court had no knowledge of the true fact that said Faulkner had no authority to execute such bond. It further alleged that this court has the power and authority as well as the jurisdiction to set aside the erroneous judgment based upon an error of fact and said judgment should be set aside. It further alleged that it had no knowledge of the execution of the supersedeas bond until January 5, 1953, when it received a letter from V. A. Collins, attorney for the appellees, notifying it that the supersedeas bond had been made and that the Court of Civil Appeals had affirmed the judgment of the trial court. This allegation as to the date, January 5, 1952, is undoubtedly a clerical error, because in the record attached to the motion is the letter itself, which is dated January 2, 1953. It further alleged that upon receipt of such letter it began investigation of the matter, retained attorneys to represent it and that said attorneys pursued the matter with diligence and within a reasonable period of time filed its motion to vacate the judgment against it.

The appellee filed an answer and a written brief, the Lawyers Surety Corporation filed affidavits and records and a brief in support of its motion. Oral argument was heard on the motion.

The facts as we find them to be from the records presented are as follows:

Lawyers Surety Corporation executed a written power of attorney to James E. Faulkner, a resident of San Jacinto County, Texas to execute certain bonds and undertakings in its behalf, which instrument was filed for record in the deed records of San Jacinto County. Said instrument specifically stated that no supersedeas bonds of any kind could be executed. Power of attorney executed was revoked and cancelled by instrument dated August 21, 1952, which instrument was also filed in the deed records of San Jacinto County. James E. Faulkner was attorney for the appellants, both in the trial court and in the appeal before this court. The supersedeas bond was reported to Lawyers Surety Corporation by the said Faulkner September 21, 1951 and was reported as an "appeal bond." Lawyers Surety Corporation received a check for $31 from Mr. Faulkner, which was never honored by the bank. In his report to Lawyers Surety Corporation of the various bonds executed by him were included reports of various appeal bonds, none of which was in an amount in excess of $1,000 except the report of this bond which was shown to be in the sum of $7,000. The application for the bond in question states

that it is an application for an "appeal bond" but it also directs the agent to "attach an exact duplicate original copy of the bond."

Prior to the execution of the bond in question the said James E. Faulkner presented to the district clerk for approval a supersedeas bond in another case pending in the same court signed by himself as deputy attorney in fact for Lawyers Surety Corporation. The clerk questioned his authority to execute such a bond and presented the matter verbally to the district judge. The judge questioned Mr. Faulkner as to his authority to execute said bond and he stated he had such authority and thereupon the district judge directed the clerk to approve such bond, which he did. That case, Willis v. Burns, et al., was appealed to this court and the judgment was reversed and remanded. The district clerk states in his affidavit that after the district judge had directed him to approve a similar supersedeas bond in the case of Willis v. Burns, when the said James E. Faulkner presented the supersedeas bond in the instant case he approved it. He made no request for the power of attorney from Lawyers Surety Corporation to James E. Faulkner at the time he approved the bond in the instant case. A supersedeas bond signed by the said James E. Faulkner as principal and also by him as deputy attorney in fact for Lawyers Surety Corporation was filed and approved in the case of Faulkner v. Gladys, Tex. Civ.App., 258 S.W.2d 147, which was appealed to this court from the district court of San Jacinto County. When said case was submitted to this court said bond was stricken on the motion of the appellee. At the time that the appellee recovered his judgment in the district court against the appellants, the appellants were the owners of land and timber and a small sawmill, all of which would have been sufficient to satisfy the judgment under execution, and the appellee, knowing of this property and its value, felt safe in the collection of his judgment. When the mandate was returned from this court to the trial court, the timber and the mill had been removed from the land and the appellee states under oath that he now knows of no property owned by the appellants in February, 1953 subject to execution.

■ From the holding made in the case of American Surety Co. of New York v. Cross, Tex.Civ.App., 80 S.W.2d 470 we believe that it cannot be said that James E. Faulkner was acting within the apparent scope of his authority to execute a supersedeas bond when he executed the bond in the instant case and secured the approval thereof by the district clerk. As pointed out in American Surety Co. v. Cross, supra, the Lawyers Surety Corporation gave to its agent written power of attorney and that agent signed the bond as attorney in fact, thereby giving notice to all persons dealing with him, including the district clerk, that his powers were limited by a written instrument. By requesting the said Faulkner to produce his power of attorney when the supersedeas bond was tendered to him and examining the power of attorney, the district clerk would have learned that Faulkner had no authority thereunder to execute such a supersedeas bond.

The question for decision under this motion therefore is whether, under all the facts as outlined above, Lawyers Surety Corporation accepted the benefits of the execution of the bond under such circumstances as would amount to ratification of or acquiescence in the unauthorized act of the deputy attorney in fact and thereby became estopped to deny the authority of Faulkner to execute the bond.

■ We believe that under the facts shown such conduct of Lawyers Surety Corporation amounts to an acceptance of the benefits of the execution of the supersedeas bond and such conduct must be regarded as an approval of or an acquiescence in the unauthorized act of its deputy attorney in fact and therefore Lawyers Surety Corporation is estopped to deny the authority of Faulkner to execute such bond. The language of the opinion in American Surety Co. of New York v. Cross, Tex.Civ. App., 80 S.W.2d 470, 474, is that "our holding does not go to the extent of denying

the existence of estoppel, had the company accepted the benefit of executing this bond." We construe this to mean that such a surety executing such a bond under these circumstances would be estopped to deny the authority of its agent if it accepted the benefits of the bond. Lawyers Surety Corporation here accepted the benefit of the execution of this bond as far as it was able to accept it; it has Mr. Faulkner's check for a portion of the premium; it made no inquiry of its deputy attorney in fact or the district clerk or any one as to the nature of the bond or the undertaking reported to it. So far as the records presented to us show, it did not receive and did not ask for a copy of the bond, although in its printed form of application for such bond executed in this case there was an explicit direction that a duplicate copy of the bond be forwarded with the application. It made no inquiry as to the nature of the bond actually executed until it was called upon by the attorney for the successful appellee for payment of the judgment. The principal amount of the bond, $7,000, which was seven times as large as any other appeal bond reported to it by its attorney in fact, was so unusually large that it should have caused it to make inquiry as to the nature of the bond. "A purported principal may not be wilfully ignorant, nor may he purposely shut his eyes to means of information within his possession and control and thereby escape ratification if the circumstances are such that he could reasonably have been expected to dissent, unless he were willing to be a party to the transaction." 1 Williston on Contracts, pages 807–8. "The fact that the principal had reason to know or, for other purposes, should know the material facts of which he is ignorant, does not prevent him from electing to avoid the affirmance. However, knowledge by the purported principal may be inferred as in other cases; when he has such information that a person of ordinary intelligence would infer the existence of the facts in question, the triers of fact ordinarily would find that he had knowledge of such facts * * *. Furthermore, he may be estopped from rescinding the affirmance if the third person has changed his position in reliance thereon." Restatement of the Law of Agency, Chapter 91, Comment c, citing Pioneer Electric Co. v. McCurdy, 151 Minn. 304, 186 N.W. 776.

We believe that it is unquestioned that the successful appellee here has changed or has been forced to change his position with relation to the unsuccessful appellant because of the execution, filing and approval of the supersedeas bond in this case. It is shown by the records presented that at the time when the appellee could have secured the issuance of an execution on his judgment, unless that execution had been stayed by the supersedeas bond, appellee could have collected his judgment by execution from the property of the appellant. At the time this motion was submitted to this court the appellants had disposed of the property on which the appellee could have levied his writ of execution and collected his judgment, and now unless the appellee can look to the surety on the supersedeas bond he has so changed his position that he may lose his debt and satisfaction of his judgment.

Since the conduct of Lawyers Surety Corporation constitutes ratification of the act of its attorney in fact, it is estopped to deny the authority of its attorney in fact to execute the supersedeas bond, and therefore we believe its motion should be overruled.

■ The above was written as a tentative opinion and was submitted as such to the Supreme Court when we certified two questions in this matter. 262 S.W.2d 392, 393. The Supreme Court answered the first question certified that this court does have the authority and jurisdiction to determine the validity of the supersedeas bond.

The second question we certified was:

"'2. Does the conduct of Lawyers Surety Corporation, after the supersedeas bond was reported to it as an appeal bond, under all the circumstanc-

es outlined above, constitute an acceptance of the benefits of the execution of the bond so as to amount to estoppel to deny the authority of Faulkner as deputy attorney in fact, to execute the supersedeas bond?'"

 The Supreme Court declined to answer this question, holding in its opinion, "We have no jurisdiction to determine disputed facts, and, therefore, cannot answer this question." We must answer it ourselves. The further statement was made in the opinion that the conduct of Lawyers Surety Corporation does not establish "either ratification or estoppel as a matter of law." Our holding is that such conduct constitutes ratification and estoppel as a matter of fact.

The motion of Lawyers Surety Corporation to recall the mandate and vacate the judgment against it is overruled.