**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 10, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-31134
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL SCOTT CLEMENTS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:03-CR-50028-DEW-1
--------------------

Before JONES, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

A jury convicted Michael Scott Clements of conspiracy to commit mail fraud, mail fraud, interstate transportation of stolen motor vehicles, and money laundering, in violation of 18 U.S.C. §§ 2, 371, 1341, 1957, 2312. The district court sentenced Clements to 84 months in prison and three years of supervised release. Clements challenges his sentence on two grounds.

First, Clements argues that the district court erroneously used U.S.S.G. § 2S1.1(a)(2), rather than § 2S1.1(a)(1), as a starting point for determining his guideline sentencing range. The

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Government concedes this error. After a de novo review, we conclude that, because the laundered funds were derived from offenses committed directly by Clements, the district court should have used § 2S1.1(a)(1). See United States v. Villanueva, 408 F.3d 193, 202, 203 n.9 (5th Cir. 2005). Absent the erroneous application of § 2S1.1(a), the applicable sentencing range would have been lower than the range the district court considered, and the maximum guideline sentence would have been lower than the 84-month sentence that the district court imposed. In such a case, a remand for resentencing is appropriate. See United States v. Southerland, 405 F.3d 263, 270 (5th Cir. 2005).

Second, Clements argues that his sentence is invalid in light of the Supreme Court's recent opinion in United States v. Booker, 125 S. Ct. 738 (2005). In light of the foregoing, however, we need not reach that argument. See Southerland, 405 F.3d at 270.

For the reasons stated above, we VACATE Clements's sentence and REMAND for resentencing in accordance with this opinion and Booker.