United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 7, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-30940

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL SCOTT CLEMENTS,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:03-CR-50028-1

Before DeMOSS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

After a jury convicted Appellant Michael Scott Clements of conspiracy to commit mail fraud, mail fraud, interstate transportation of stolen motor vehicles, and money laundering, in violation of 18 U.S.C. §§ 2, 371, 1341, 1957, and 2312, the district court sentenced him to eighty-four months' imprisonment, three years

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of supervised release, and $589,200 in restitution.  Clements now appeals the reasonableness of his sentence.  For the reasons that follow, we AFFIRM Clements's sentence.

I.    BACKGROUND

Clements was the used car sales manager at John Harvey Toyota/Lexus of Bossier City, Louisiana ("Harvey Toyota").  Ricky Pharr, Clements's co-defendant, operated R&R Wholesale, a used car wholesaler in Shreveport, Louisiana.  Clements and Pharr devised and executed a scheme to defraud Harvey Toyota by "selling" thirty-nine Harvey Toyota vehicles to R&R Wholesale.[1]  After a jury convicted Clements of conspiracy to commit mail fraud, mail fraud, interstate transportation of stolen motor vehicles, and money laundering, the district court incorrectly determined that Clements had a total offense level of twenty-three and a criminal history category of four, yielding a United States Sentencing Guidelines range of seventy to eighty-seven months of imprisonment.  Consequently, the court sentenced Clements to eighty-four months in prison, three years of supervised release, and $589,200 in restitution.

Clements timely appealed his sentence.  In an unpublished decision, this Court vacated and remanded for re-sentencing upon

---

[1] Pharr gave Clements blank drafts which Clements used as evidence of vehicle sales.  Based on the purported sales, Harvey Toyota would then pay various lien holders and financial institutions in order to receive the vehicles' titles.  Pharr then paid Clements by check in exchange for the return of the drafts, the titles, and the cars.

finding that the district court miscalculated Clements's sentencing range. *United States v. Clements*, 145 F. App'x 33 (5th Cir. 2005).

On remand, pursuant to this Court's mandate, the district court reduced Clements's offense level to twenty-one, which yielded a sentencing range of fifty-seven to seventy-one months imprisonment. In open court, the judge stated:

> I've always felt that there are three reasons for sentencing: one is to punish, one is to separate the [dangerous] from society, and the third, and one that's not given consideration anymore, is a message to the public at large. You know, you're being punished, and you're going to be punished regardless of whatever sentence I give. Deterrence, I'll give you, you probably have learned your lesson; you're probably not likely to do it again. But I'm left with what it says to society if you don't get a substantial sentence but every teller making $1,000, $1,500 a month steals a lousy $1,000 and she gets a year and a half, two years, regardless of the reason for her [sic] stealing the money. And as I said, poor kids who never had a chance. You know, I guess we have gotten away from the idea that crimes against property are not important. Well, I disagree with that. Crimes against property are very important. And it's like casting a rock in a pool: It affects everything. It's going to affect people you don't even know. The people at the Toyota place will never trust again anybody to the degree they trusted you, and there's no way to get back at that. You can't unring that bell.
>
> It is not the intent of this Court to poke a stick in the Fifth Circuit's eye for reversing me. It is not the purpose of this Court to say "I told you so" in any way. I have considered everything that you have just said, everything that has been written. I have--I believe you. I believe Ms. Hudsmith. Nevertheless, it is the judgment of this Court

3

that the sentence that I imposed before is a correct one.[2]

Accordingly, the district court deviated from the Guidelines and sentenced Clements to 84 months in prison, three years of supervised release, and $589,200 in restitution.

This appeal followed.

II. DISCUSSION

A. *The Sentencing Court Imposed a Non-Guideline Sentence.*

The threshold issue in this case is whether the sentencing court imposed a non-Guideline sentence or a sentence involving an upward departure from the Guidelines.[3]  While the Government argues

---

[2] The sentencing court also contrasted Clements's "well-to-do family" background with that of other defendants "dealing in pittances to support habits," and observed that those defendants are sent "away for 15 and 20 and even 30 years."

[3] This Court's jurisprudence recognizes three different types of sentences under the advisory Guidelines regime. *United States v. Smith*, 440 F.3d 704, 706 (5th Cir. 2006).  First, in cases where a sentencing court exercises its discretion to impose a sentence within the properly calculated Guidelines range, we will "infer that the judge has considered all the factors for a fair sentence ..., and it will be rare for a reviewing court to say such a sentence is 'unreasonable.'"  *Id.* at 706-07 (quoting *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).  Second, a district court may impose a sentence that includes an upward or downward departure as allowed by the Guidelines.  *Id.* at 707.  A sentence supported by a departure is also a "Guideline sentence" because the court's authority to depart derives from the Guidelines themselves.  *Mares*, 402 F.3d at 519 n.7.  Finally, a court may impose a non-Guideline sentence.  *Smith*, 440 F.3d at 707.  A non-Guideline sentence is one that is either higher or lower than the relevant Guideline sentence but is not based on a departure.  *Id.*  Before imposing a non-Guideline sentence, a sentencing court "is still *required* to calculate the guideline range and consider it advisory."  *United States v. Angeles-Mendoza*, 407 F.3d 742, 746 (5th Cir.2005) (emphasis in original).

that Clements's sentence is an upward departure from the Guidelines, Clements contends that the district court imposed a non-Guideline sentence.

Clements's sentence is a non-Guideline sentence. In *United States v. Smith*, this Court decided that the sentencing court imposed a non-Guideline sentence because "[t]he court did not make reference to upwardly departing or utilizing an enhancement, nor did it refer to enhancement provisions of the Guidelines." 440 F.3d 704, 708 n.3 (5th Cir. 2006). First, like in *Smith*, the court did not make reference to upwardly departing or utilizing an enhancement, nor did it refer to enhancement provisions of the Guidelines. In addition, the Government's assertion that the district court could have upwardly departed pursuant to U.S.S.G. § 4A1.3 is meritless. U.S.S.G. § 4A1.3 provides that "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted." U.S.S.G. § 4A1.3. None of the district judge's comments indicate that the court sentenced Clements to eighty-four months imprisonment for that reason. Moreover, the district court expressly stated that deterrence was not a factor. Therefore, the district court imposed

Therefore, if the court decides to impose a non-Guideline sentence, it should utilize the appropriate Guideline range as a "frame of reference." *Smith*, 440 F.3d at 707.

5

a non-Guideline sentence.

B.   *Clements's Sentence is Reasonable.*

We review a non-Guideline sentence's reasonableness for abuse of discretion.  *United States v. Reinhart*, 442 F.3d 857, 862 (5th Cir. 2006)(finding that this Court's inquiry should be restricted "to determining whether the trial judge overreached the discretionary sentencing authority afforded under *Booker*").  Under *United States v. Booker*, this Court ultimately reviews a sentence for "unreasonableness."  543 U.S. 220, 260 (2005).  "Both a district court's post-*Booker* sentencing discretion and the reasonableness inquiry on appeal must be guided by the sentencing considerations set forth in 18 U.S.C. § 3553(a)."[4]   *Smith*, 440 F.3d at 706.  The

_____

[4] The section 3553(a) considerations include:
      (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
      (2) the need for the sentence imposed
      (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
      (B) to afford adequate deterrence to criminal conduct;
      (C) to protect the public from further crimes of the defendant;  and
      (D) to provide the defendant with needed ... medical care, or other correctional treatment in the most effective manner;
      (3) the kinds of sentences available;
      (4) the kinds of sentence and the sentencing range established for
      (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ...;
      (5) any pertinent policy statement ...;
      (6) the need to avoid unwarranted sentence

sentencing court "must more thoroughly articulate its reasons when it imposes a non-Guideline sentence than when it imposes a sentence under authority of the Sentencing Guidelines." *Id.* at 707 (citing *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005)). The court's explanation "should be fact specific and include, for example, aggravating or mitigating circumstances relating to personal characteristics of the defendant, his offense conduct, his criminal history, relevant conduct or other facts specific to the case at hand which led the court to conclude that the sentence imposed was fair and reasonable." *Mares*, 402 F.3d at 519. The lower court, however, "need not engage in 'robotic incantations that each statutory factor has been considered.'" *Id.* (quoting *United States v. Lamoreaux*, 422 F.3d 750, 756 (8th Cir. 2005).

In *Smith*, this Court agreed with the framework articulated by the Eighth Circuit in assessing the reasonableness of a court's statutory support. *Smith*, 440 F.3d at 708. "A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Id.* (citing *United*

disparities among defendants with similar
records who have been found guilty of similar
conduct...
18 U.S.C. § 3553(a).

7

*States v. Haack*, 403 F.3d 997, 1004 (8th Cir. 2005)).

We conclude that Clements's sentence reasonably reflects the statutory sentencing factors. The lower court's emphasis on the severity of crimes against property demonstrates the need for the sentence to reflect the offense's seriousness and to promote respect for the law. Additionally, the fact that the district court discounted punishment and deterrence in its analysis demonstrates that the court was guided by § 3553(a) considerations and engaged in a fact-specific analysis of how the sentence would affect this particular defendant. Moreover, the district court's comparison of Clements's offense to fraud committed by bank tellers and addicts illustrates that the sentencing court considered the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. By juxtaposing Clements's situation to that of bank tellers and addicts, the judge focused on the nature and circumstances of the offense and Clements's own history and characteristics. Finally, the judge's allusion to the effect of Clements's offense on Harvey Toyota, the victim, signifies the court's emphasis on facts specific to the case at hand, which led it to conclude that the sentence imposed was fair and reasonable. Hence, the district court did not abuse its discretion because Clements's sentence reasonably reflects the statutory sentencing factors with the requisite thoroughness.

III. CONCLUSION

For the foregoing reasons, we AFFIRM Clements's sentence.