United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 5, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-50199
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID ALAN SMITH,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:05-CR-152-ALL
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

David Alan Smith pleaded guilty, without a plea agreement,
to all five counts of the indictment charging him with mail
fraud; making a false claim against the United States; unlawful
use of a means of identification; interstate transportation of
stolen property; and money laundering.  The district court
imposed a non-guideline sentence, varying from the guideline
range of 41-51 months, of 60 months of imprisonment on counts 1
and 2, 120 months of imprisonment on counts 3-5, all to run

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

concurrently, and three years of supervised release on all counts.

Smith appeals his sentence, arguing that his sentence is unreasonable because the district court failed to consider whether the aggravating factors it cited were adequately addressed by the advisory Sentencing Guidelines. He contends that the district court also failed to account for several mitigating factors. Smith argues that although the district court cited the seriousness of the offense as a basis for variance, the seriousness of a given offense is addressed by the Guidelines. He contends that the district court did not explain why the Guideline for his offense, with its aggravating adjustments, was not adequate in his case.

The district court adequately explained its reasons and did not err in considering the seriousness of the offense and the need to promote respect for the law in deciding to impose a non-guideline sentence. See United States v. Clements, 188 F. App'x 267, 271 (5th Cir. 2006).

Smith also argues that the district court failed to explain why the Guidelines could not account for his criminal history. He also argues that the district court should have applied the policy statement in U.S.S.G. § 4A1.3 and should have departed in a structured manner based on his criminal history.

The district court's sentence does not take into account an improper or irrelevant factor. Criminal history is one of the

factors that a district court may consider in imposing a non-guideline sentence, and consideration of convictions not accounted for by the Guidelines is appropriate. United States v. Smith, 440 F.3d 704, 709 (5th Cir. 2006). Nothing in Smith suggests that a district court must depart under § 4A1.3 rather than impose a non-guideline sentence based on inadequate criminal history. See Smith, 440 F.3d at 707-09.

Smith argues that given the extent of variance, which he considers to be excessive, the district court's reasons for imposing a non-guideline sentence were not sufficient. The district court gave a detailed explanation for imposing a non-guideline sentence based upon proper factors. See Smith, 440 F.3d at 710. The extent of departure, in and of itself, is not a basis for holding that a non-guideline sentence is unreasonable. United States v. Reinhart, 442 F.3d 857, 864 (5th Cir.), cert. denied, 127 S. Ct. 131 (2006).

Smith argues that the district court failed to account for significant mitigating factors under 18 U.S.C. § 3553(a). He cites his attempts to lead a straight life, his motive for these offenses, his age and health, and Congress's goal of preventing unwarranted disparity in sentencing.

It is apparent from the district court's statements at sentencing that the district court did not believe that Smith had attempted to go straight or that his latest crime was an

aberration prompted by an admirable motive.  Smith did not raise his age or health as mitigating factors in the district court.

The district court's reasons for imposing sentence demonstrate that any disparity between Smith's sentence and other defendants would not be unwarranted.  See Smith, 440 F.3d at 709. The district court properly calculated and considered the guideline range, gave permissible reasons for variance, and its reasons demonstrate that the sentence imposed is reasonable under § 3553(a).  See Smith, 440 F.3d at 710.

Smith argues that on the date he committed this offense, the guideline range was mandatory and that the maximum sentence he could receive was that provided for under the Guidelines.  He contends that the remedial portion of Booker's holding, which made the Guidelines advisory, may not be applied in his case without violating the Ex Post Facto and Due Process Clauses of the Constitution.  Smith acknowledges that this court's opinion in United States v. Scroggins, 411 F.3d 572 (5th Cir. 2005) rejected his argument, but he raises it to preserve it for further review.

Smith was warned of the statutory maximum to which he was exposed at the time he entered his guilty plea.  Smith has not shown that the district court erred in sentencing him under Booker's remedial scheme.  See United States v. Austin, 432 F.3d 598, 599 (5th Cir. 2005).

Smith's sentence is AFFIRMED.